1  Douglas R. Hart (SBN 115673)
   dhart@sidley.com
2  Geoffrey D. DeBoskey (SBN 211557)
   gdeboskey@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street
4  Los Angeles, California  90013-1010
   Telephone: (213) 896-6000
5  Facsimile: (213) 896-6600

6

7  Attorneys For Defendant
   STATE FARM MUTUAL AUTOMOBILE
   INSURANCE COMPANY
8

   UNITED STATES DISTRICT COURT

9

   CENTRAL DISTRICT OF CALIFORNIA

10

11

12  BRYAN SHIOSAKA, an individual, and )  Case No.  CV 12  1268-CAS
    on behalf of others similarly situated;  )                        (CW)
13                                            )
                                              )  NOTICE OF REMOVAL OF ACTION
14            Plaintiff,                       )  PURSUANT TO 28 U.S.C. §§ 1332,
                                              )  1441 AND 1446
15  vs.                                       )
                                              )  State Action Filed: December 23, 2011
16  STATE FARM MUTUAL                          )
17  AUTOMOBILE  INSURANCE                      )
    COMPANY, an Illinois corporation, and )
18  DOES 1 through 100,                       )
                                              )
19                                            )
                                              )
20            Defendants.                      )
                                              )
21  _____ )

22

23

24

25

26

27

28

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by its undersigned attorneys, hereby removes to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice, State Farm states as follows:

1.    <u>Basis for Jurisdiction</u>.  This action is a civil action of which this Court has original jurisdiction under, and which may be removed to this Court by State Farm pursuant to, 28 U.S.C. §§ 1332(d) and 1441(a) and (b), in that it is a putative class action in which more than $5,000,000 is in controversy, exclusive of costs and interests, and is properly between citizens of different states.

2.    <u>Complaint and Timeliness of Removal.</u>  On or about December 23, 2011, Plaintiff Bryan Shiosaka commenced an action against State Farm, Case No. BC475824, *Shiosaka v. State Farm Mutual Automobile Insurance Co.*, in the Superior Court of the State of California, County of Los Angeles, Central District.

3.    State Farm was served with process on January 12, 2012.  The Summons and Complaints are attached hereto as Exhibits 1 and 2, respectively.  State Farm answered the Complaint on February 10, 2012, attached hereto as Exhibit 3.  The attached exhibits constitute all process, pleadings, and orders served on or by State Farm to date.  Accordingly, this Notice of Removal is timely filed within the thirty days allotted for removal by 28 U.S.C. § 1446(b).

4.    <u>Removal Jurisdiction Under the Class Action Fairness Act ("CAFA")</u>.  The CAFA amended the diversity jurisdiction statute, 28 U.S.C. §1332, by adding provisions that give federal courts original jurisdiction in class actions where the following factors are met:

a.  the aggregate amount in controversy exceeds $5,000,000;

b. any member of the plaintiff class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity"); and

c. the primary defendants are not states, state officials or other government entities against whom the district court may be foreclosed from order relief.

d. the number of members of the plaintiff class is 100 or more. 28 U.S.C. § 1332(d)(2), (d)(5).

5.    <u>Minimal Diversity</u>.    Defendant State Farm is a corporation organized under the laws of the State of Illinois, with its principal place of business located in Illinois. (Larson Decl., ¶ 2-3). Thus, State Farm is a citizen of Illinois for purposes of diversity jurisdiction, and is not a citizen of California. *See* 28 U.S.C. § 1332(c).

6.    At the time of Shiosaka's ("Plaintiff") employment with State Farm, State Farm earned a majority of its revenue in states outside of California, and no single state generated an inordinately large proportion of its revenue. (Larson Decl., ¶ 4). Thus, under the "substantial predominance" analysis, there is no single state in which State Farm conducts the vast majority of its business activities. *See Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990).

7.    Under the "nerve center" test, State Farm's principal place of business is Illinois. *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). State Farm's corporate headquarters, where the majority of executive and administrative functions are performed, and corporate offices and executives, are located in Bloomington, Illinois. (Larson Decl., ¶ 3). Accordingly, State Farm's principal place of business is appropriately Illinois.

8.    Plaintiff was a California employee of State Farm. Although the Complaint does not set forth Plaintiff's residence, State Farm's internal records indicate that, at all times relevant to this action, he has been a resident of the State of

California. (Corcoran Decl., ¶ 2).  Residence is *prima facie* evidence of domicile.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California, and he is not a citizen of the State of Illinois for purposes of diversity jurisdiction.

9.    The putative class members are "employees who worked for [State Farm] in California as an AEI during the four years preceding the filing of this action." (Complaint ¶ 18(a).)  State Farm's records indicate that the vast majority of these putative class members (*i.e.* employees who were employed by State Farm in California within four years of filing of the Complaint) have a last known address located within the State of California. (Corcoran Decl., ¶ 3).  Therefore, State Farm asserts and affirmatively alleges that at least one (and probably most all) of the members of this putative class are not citizens of the State of Illinois, and are instead citizens of California.

10.    <u>Class Size</u>.  With respect to the CAFA requirement of numerosity, Plaintiff's Complaint asserts that there are "more than 1,000 individuals" in the putative class.  (Complaint ¶ 20.)  The scope of this class, as identified in the Plaintiff's Complaint, is all "employees who worked for [State Farm] in California as an AEI during the four years preceding the filing of this action." (Complaint ¶ 18(a).) State Farm's internal records indicate that the number of members in the putative class is in excess of 200. ( Corcoran Decl., ¶ 4).

11.    <u>Amount in Controversy</u>.  While the Complaint does not set forth the precise amount of money Plaintiff seeks from State Farm, the allegations set forth therein demonstrate that the aggregate amount in controversy for the putative class exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000).  State Farm's burden to demonstrate the amount in controversy is low.  It need only show that there is "a reasonable probability that the

1  stakes exceed" $5,000,000.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446,
2  449 (7th Cir. 2005).

3      12.   Plaintiff alleges causes of action for (1) Restitution for Unfair Business
4  Practices in Violation of California Business & Professions Code §17200, *et seq.*; (2)
5  Injunctive Relief for Unfair Business Practices in Violation of California Business &
6  Professions Code §17200, *et seq.*; (3) Declaratory Relief; (4) Failure to Pay Wages in
7  Violation of California Labor Code § 224; and (5) Failure to Pay Overtime Wages in
8  Violation of California Labor Code § 510.  (Complaint ¶¶ 30-54.)  Notably, State
9  Farm's internal records indicate that there are at least 200 members in the proposed
10 class, meaning that an average recovery per class member of more than $25,000 will
11 meet the $5,000,000 threshold.

12     13.   State Farm's internal records show that wage rates for members of the
13 alleged class are between $36,523.89 and $84,855.52 annually.  (Corcoran Decl., ¶ 5).
14 Using the median wage rate of $67,428.37, and assuming that the employee works 52
15 weeks per year and 38.75 hours per week, the median hourly rate for the class is
16 approximately $33.46 and the median overtime rate is, therefore, approximately
17 $50.19.  Plaintiff alleges that class members were daily "deprived of .25 hours at
18 his/her regular hourly rate and about 1.5 hours of overtime at 1.5 times" the regular
19 rate. (Complaint ¶ 15.)  Defendant affirmatively and completely denies that is liable
20 to either Plaintiff or any other putative class member.  Defendant further denies that
21 Plaintiff's claims are appropriate for class-wide litigation.  However, applying the
22 allegations in the Complaint, and using the median hourly and overtime rates, any
23 class member who worked at least 299 days within the class period would have
24 allegedly accumulated at least $25,000 in allegedly unpaid regular hourly and
25 overtime wages.  Indeed, State Farm's records indicate that the average class member
26 worked over 1300 days within the class period, pushing the average potential recovery
27 per class member well beyond the $25,000 needed to meet the $5,000,000 threshold.
28 (Corcoran Decl., ¶ 5.)

14.     Additionally, Plaintiff seeks injunctive relief for violation of the Business and Professions Code § 17200 *et seq.* (Complaint, 13.)   Accordingly, the costs of implementing changes to State Farm's payroll system is properly included in the calculation of estimated damages. *See Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (holding that amount in controversy includes "the cost of implementing the injunctive relief requested.")

15.     Plaintiff also seeks to recover attorney's fees and costs. (Complaint, 12-14.)  These are properly considered in determining the amount in controversy. *See Oshama v. Coca-Cola Co.,* 472 F.3d 506, 512 (7th Cir. 2006) ("attorneys' fees up to the time of removal also count toward the jurisdictional amount.")

16.     Taking the aggregate damages, the cost of complying with the injunctive relief and the attorneys' fees and costs Plaintiff seeks, it is clear that there is "a reasonable probability that the stakes exceed" $5,000,000. *Brill*, 427 F.3d at 449.

17.     <u>CAFA Exceptions do not Apply</u>.  Further, while 28 U.S.C. §1332(d)(3)-(4) recognize situations where this Court may or must decline jurisdiction despite the fact that the minimal diversity and the amount in controversy requirements of §1332(d)(2) are satisfied, this case does not fall into either category because State Farm is not a citizen of California.  *See* 28 U.S.C. §§ 1331(d)(3) (discretionary declination of jurisdiction limited to situations where "the primary defendants are citizens of the state where the action was originally filed"); 1331(2)(4)(A) (local controversy mandatory declination limited to situations where "at least one defendant is . . . a citizen of the State in which the class action was filed"); 1331(d)(4)(B) (home state controversy mandatory declination limited to cases where "the primary defendants are citizens of the State in which the action was originally filed").

18.     <u>Venue</u>.  Venue is appropriate in this action pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the alleged events or omissions giving rise to the claim occurred in Los Angeles County. (Corcoran Decl., ¶ 6).

19.   Defenses.  The removal of this action to the Central District of California does not waive State Farm's ability to assert any defense to this action.

20.   Notice to Parties and the State Court.  Pursuant to 28 U.S.C. § 1446(d), in addition to serving a copy of this Notice of Removal on Plaintiff, State Farm is filing notice in the Superior Court for the County of Los Angeles and serving upon Plaintiff a separate document entitled "Notice of Filing Notice of Removal to Federal Court."

21.   Pleadings.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on or by CVS to date, is attached as follows:

Exhibit 1     Summons;

Exhibit 2     Complaint;

Exhibit 3     Answer to Plaintiff's unverified Complaint.

22.   WHEREFORE, State Farm respectfully requests that this action pending in the Superior Court of the State of California for the County of Los Angeles be removed in its entirety to this Court.

Dated: February 13, 2012              SIDLEY AUSTIN LLP


By: _____
    Douglas R. Hart,
    Geoffrey D. DeBoskey,
    Attorneys For Defendant,
    STATE FARM MUTUAL
    AUTOMOBILE INSURANCE
    COMPANY

LA1 2390266v.1  NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(A) AND 1441(B) (DIVERSITY)

# EXHIBIT 1

# SUMMONS
## (CITACIÓN JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**DEC 23 2011**

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Shaunya Wesley

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
State Farm Mutual Automobile Insurance
Company, an Illinois Corporation *and Does 1 through 50*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Bryan Shiosaka, an individual, and on
behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court State of California<br>111 North Hill Street<br>Los Angeles, CA 90012 | **BC 475824** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Carras          Conforti & Carras, APC
151 N. Kraemer Blvd. Suite 204     (714) 577-1071
Placentia, CA 92870

DATE: **DEC 23 2011**     Clerk, by _____, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

Shaunya Wesley

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

[SEAL]
SUPERIOR COURT, LOS ANGELES COUNTY CALIFORNIA

# EXHIBIT 2

This case is assigned to Dept. 324 at the Central Civil West Courthouse
for COMPLEX DETERMINATION ONLY   *Emily Elias*

1  Daniel A. Conforti, SBN 180080
   Michael J. Carras, SBN 244331
2  **CONFORTI & CARRAS, APC**
   151 N. Kraemer Blvd. Suite 204
3  Placentia, California 92870
   Telephone: (714)577-1071
4  Facsimile:  (714)577-0711

5  Attorneys for Plaintiff

A6024
90012

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 23 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

6

7

8                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  **BRYAN SHIOSAKA**, an individual, and            CASE NO.   BC 475824
    on behalf of all others similarly situated,
12                                                     Assigned for all purposes to:
                            Plaintiff,
13
    v.
14
    **STATE FARM MUTUAL**
15  **AUTOMOBILE INSURANCE**                           **CLASS ACTION COMPLAINT**
    **COMPANY**, an Illinois Corporation, and          **FOR:**
16  DOES 1 through 50,
                                                       1)  **Restitution for Unfair**
17                                                         **Business Practices**
                            Defendants.                    **(Business & Professions**
18                                                         **Code §17200 et seq.;**
                                                       2)  **Injunctive Relief for**
19                                                         **Unfair Business Practices**
                                                           **(Business & Professions**
20                                                         **Code §17200 et seq.;**
                                                       3)  **Declaratory Relief;**
21                                                     4)  **Failure to Pay Wages**
                                                           **(Labor Code § 224);**
22                                                     5)  **Failure to Pay Overtime**
                                                           **Wages (Labor Code §**
23                                                         **510);**

24                                                     **DEMAND FOR JURY TRIAL**

25

CIT/CASE: BC475824 LEA/DEFR;
RECEIPT #: CCH465960025
DATE PATH: 12/23/11  10:22:57 AM
PAYMENT: $395.00
RECEIVED:
CHECK:
CASH:     395.00
0110

- 1 -
**CLASS ACTION COMPLAINT**

## PARTIES

1.     Plaintiff, Bryan Shiosaka, is an individual over the age of 18 years and for all relevant times was employed by Defendants.

2.     On information and belief, Defendant, State Farm Mutual Automobile Insurance Company, is an Illinois Corporation that is duly registered to, and does business in California in the County of Los Angeles.

3.     PLAINTIFF is unaware of the true names of Defendants DOES 1 through 50, inclusive, and whether they are corporations, associations, public entities, and/or natural persons, and for that reason, said DOE Defendants, and each of them, are sued under fictitious names and when the true names of such defendants are ascertained by PLAINTIFF, PLAINTIFF will ask leave of Court to amend this complaint and all subsequent proceedings herein to the true names and capacities of such Defendants.

4.     From this point on, whenever the term "DEFENDANT" is used in the singular, plural or possessive tense it shall mean and refer to all DOE Defendants and all named Defendants, and to each of them.

5.     At all times herein mentioned DEFENDANTS were the agents, servants and/or employees, of the other DEFENDANTS and, in doing the things herein alleged, were acting within the purpose and scope of said agency or employment.

6.     Upon information and belief PLAINTIFF alleges that DOE DEFENDANTS 1-50, inclusive, were all in some way partially or wholly responsible for, or contributed to, or encouraged and aided the named DEFENDANT in a manner unknown to PLAINTIFFS at this time, but to DEFENDANTS. Therefore, PLAINTIFF alleges the DOE DEFENDANTS 1-50, inclusive, damaged PLAINTIFFS as herein alleged. PLAINTIFF will ask leave to amend this pleading and will amend if and when

- 2 -
CLASS ACTION COMPLAINT

1   the specific activities of DOE DEFENDANTS 1-50, inclusive, become known to

2   PLAINTIFFS.

### DESIGNATIONS

4        7.    Hereinafter whenever the term "PLAINTIFF" or "PLAINTIFFS" is used

5   in the singular, plural or possessive tenses it shall mean Bryan Shiosaka in his individual

6   capacity and as the representative for all others similarly situated.

7        8.    Hereinafter whenever the term "CLASS MEMBER" is used in the

8   singular, plural or possessive tense it shall mean all natural individuals and their lawful

9   heirs, if any, for whom any relief is afforded based on the allegations herein, including

10  PLAINTIFF.

11       9.    Hereinafter whenever the term "CLASS" is used it shall mean collective

12  CLASS MEMBERS as a whole for whom any relief is afforded based on the allegations

13  herein.

14       10.   Hereinafter whenever the term "DEFENDANT" is used in the singular,

15  plural or possessive tense, it shall mean Defendant State Farm Mutual Automobile

16  Insurance Company.

### NATURE OF THE ACTION AND GENERAL ALLEGATIONS

18       11.   Based on information belief, during the four years, preceding the filing of

19  this complaint, DEFENDANT employed the PLAINTIFF and CLASS MEMBERS as

20  Automotive Estimator and & Inspectors (hereinafter "AEI".)   AEIs and CLASS

21  MEMBERS regularly worked in the field, away from DEFENDANT's locations,

22  inspecting damage and estimating repair cost to vehicles involved in collisions.

23       12.   Each day, before actually, engaging in the examination duties, AEIs, were

24  required to commence work from their home.  Specifically, AEIs were required to log on

25

1 to DEFENDANTS computer system/network and ascertain the location of their

2 scheduled examinations/inspections for that day.  In addition, while logged on to

3 DEFENDANTS' computer system/network, AEIs would be required to check and

4 respond to company e-mails.   Once provided with their daily schedule AEIs would be

5 required to drive DEFENDANT'S company owned vehicle to their first assignment,

6 (location), continue working through their last assignment, then return home to complete

7 their work day.

8        13.    DEFENDANT had a policy, practice and procedure that applied to all

9 AEIs.  Whereby all AEIs were not paid their wages until they physically reached their

10 first assignment (location) and stopped the payment of wages after the completion of

11 their last assignment for the day. However, DEFENDANT required that all CLASS

12 MEMBERS drive DEFENDANT'S vehicle to and from their home to each

13 assignment/location.  DEFENDANT mandated that the company vehicle be used for

14 company purposes only, thereby depriving the CLASS MEMBERS of the freedom to

15 engage in any personal endeavors during the traditional commute time to and from work.

16 That is CLASS MEMBERS, as an example, could not drive their children to school on

17 the way to work, stop for breakfast or go to the gym before work, or on the way home

18 deprived of the freedom to stop to attend to personal errands.

19        14.    DEFENDANT'S policy, practice and procedures systematically resulted

20 in DEFENDANT exclusive exercise of control over the time that CLASS MEMBERS

21 were traveling to and from their assignments.  As a result of this control, the time at

22 home obtaining the daily work schedule, responding to E-mails, traveling from home to

23 the first assignment and home from the last assignment is considered hours worked,

24 under California law for which DEFENDANT should have paid.

25

- 4 -
CLASS ACTION COMPLAINT

15.     Plaintiffs seek relief on a collective and class-wide basis challenging DEFENDANTS' failure to compensate CLASS MEMBERS for hours worked.  More specifically, DEFENDANT regularly paid CLASS MEMBERS for 7.75 hours each workday, when in fact CLASS MEMBERS worked, on average 9.5 hours per workday. As a result of which, each CLASS MEMBER was deprived .25 hours at his/her regular hourly rate and about 1.5 hours of overtime at 1.5 times the CLASS MEMBERS' regular hourly rate.

16.     PLAINTIFF and all others similarly situated contend they have no plain, adequate or complete remedy at law.  This suit is their sole means of securing adequate redress.  PLAINTIFF and all others similarly situated are now suffering and will continue to suffer irreparable injury from DEFENDANT'S unlawful acts, policies, practices and procedures unless they are enjoined by this Court.

17.     Because DEFENDANT'S actions violate state law, those actions also violate California's Unfair Completion Law ("UCL").  Under the UCL, PLAINTIFF and those similarly situated are entitled to restitution of their unpaid wages and overtime wages and other equitable relief, including injunctive relief, and any further relief deemed appropriate by this Court.

## CLASS ACTION ELEMENTS

18.     With respect to the claim for failure to pay wages and overtime under California Labor Code and the claim under the UCL, PLAINTIFF brings this action on his own behalf and on behalf of all CLASS MEMBERS.  The CLASS of employees that PLAINTIFF represents is composed of the following persons:

a.     All current employees who worked for DEFENDANT in California as an AEI during the four years preceding the filing of this action.

- 5 -
CLASS ACTION COMPLAINT

b.    Further subclasses, which, at the discretion of the Court are just and appropriate and make the class action manageable.

19.    The claims of the CLASS MEMBERS are upon the same conduct engaged in by DEFENDANTS, consisting of their failure to pay regular and overtime wages to the above Sub-Classes, all of whom were entitled to wages and related relief under California Labor Code and the UCL. This action seeks to recover for CLASS MEMBERS; (i) unpaid regular wages; (ii) unpaid overtime compensation; (iii) reasonable attorneys' fees and costs as provided for by state law, including common fund and private attorney general theories, (iv) prejudgment and post-judgment interest as allowed; and, (v) a declaratory judgment requiring DEFENDANT pay CLASS MEMBERS their wages in accordance with California law.

20.    CLASS MEMBERS are so numerous, consisting of more than 1,000 individuals, that joinder of all such individual persons is impracticable. Although the exact size of the putative CLASS is unknown, it is believed and alleged that the number of persons in the classes and subclasses exceeds 1,000.

21.    There are common questions of law and fact applicable to the putative CLASS with respect to the liability issues, relief issues and anticipated affirmative defenses. The common questions include: (i) was the time spent by CLASS MEMBERS at their residence securing their daily scheduled and responding to company E-mail s considered hours worked requiring the payment of wages; (ii) was the time CLASS MEMBERS drove the company vehicle from their residence to their first assignment and to their home from their last assignment considered hours worked requiring the payment of wages; and, (iii) If the time above were hours worked did DEFENDANT fail to pay CLASS MEMBERS for these hours and any applicable overtime.

- 6 -

22.     Plaintiff as with all putative CLASS MEMBERS has been subject to DEFENDANT'S pay practice because he is and was an AEI and was not paid for his working hours as alleged. PLAINTIFF'S claims are therefore typical of the claims of the putative CLASS MEMBERS.

23.     PLAINTIFF will fairly and adequately protect the interests of the putative CLASS. He has no conflict with the putative CLASS and has retained counsel that has the requisite resources and abilities to prosecute this case as a class action.

24.     The prosecution of separate actions by the putative CLASS MEMBERS would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for DEFENDANT.

25.     The prosecution of separate actions by the putative CLASS MEMBERS would create a risk of adjudications with respect to individual members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

26.     The questions of law and fact common to the putative CLASS MEMBERS predominate over any questions affecting only individual CLASS MEMBERS, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.   More specifically, members of the proposed CLASS have little or no interest in individually controlling the prosecution of separate actions.  It is the PLAINTIFF'S desire to concentrate the litigation of the claims in this Court.

27.     This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is fair and efficient.

28.     There is a well-defined community of interest in the questions of law and fact pertaining to the CLASS and their legal rights.  Each member of the CLASS is subject to the same pay practice; each member is subject to the same legal question, that is, whether each was properly paid regular and overtime wages for all hours worked.  These questions of law and fact predominate over questions that affect only individual CLASS MEMBERS.

29.     The prosecution of individual remedies by CLASS MEMBERS would tend to establish inconsistent standards of conduct for DEFENDANTS and would result in the impairment of CLASS MEMBERS' rights and the disposition of their interests through actions to which they were not parties.  Moreover, the prosecution of individual remedies by CLASS MEMBERS would greatly burden the parties and the Court.  Maintenance of this action as a class action will promote judicial economy, and will further promote justice by adjudicating the claims and determining the rights of the numerous CLASS MEMBERS who would not or could not otherwise bring an action on their own.

**FIRST CAUSE OF ACTION**
UNFAIR BUSINESS PRACTICES – RESTITUTION
Business & Professions Code §17200, et seq.
(PLAINTIFF AND CLASS MEMBERS against DEFENDANT)

30.     PLAINTIFF hereby incorporates each of the preceding paragraphs into this cause of action as though fully set forth herein.

31.     DEFENDANT'S failure to pay CLASS MEMBERS for all hours worked, as alleged above, is and was illegal and in violation of California Labor Code §§ 224 and 510.

- 8 -

32.     As a proximate cause of DEFENDANT'S conduct, PLAINTIFF, and all CLASS MEMBERS are entitled to recover restitution, and are specifically entitled to a disgorgement of improperly retained benefits, in a sum according to proof at trial.

### SECOND CAUSE OF ACTION
INJUNCTIVE RELIEF FOR UNFAIR BUSINESS PRACTICES
Business & Professions Code §17200, et seq.
(PLAINTIFF AND CLASS MEMBERS against DEFENDANT)

33.     PLAINTIFF hereby incorporates into this cause of action all previous paragraphs in this complaint as though fully set forth herein.

34.     DEFENDANT'S failure to pay CLASS MEMBERS for all hours worked, as alleged above, is and was illegal and in violation of California Labor Code §§ 224 and 510.

35.     Upon information and belief, DEFENDANT did this act for the specific purpose of underpaying the wages being paid CLASS MEMBERS; and to convert and otherwise use the wages in question for their own benefit; and thereby achieve operating and profit objectives in a manner that violates state law. In fact, DEFENDANT converted and wrongfully used the wages fully earned by CLASS MEMBERS and rightfully belonging to CLASS MEMBERS without the knowledge or consent of CLASS MEMBERS, without legal right, and in direct violation of the law.

36.     California Business & Professions Code Section 17203 provides:

"[t]he court may make such orders or judgments ... as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of unfair competition."

CLASS ACTION COMPLAINT

37.    DEFENDANT committed these acts in violation of the California Labor Code, including, but not limited to, §§ 224 and 510 by failing pay regular and overtime wages as required by law to CLASS MEMBERS.

38.    DEFENDANT's acts constitute unlawful and unfair business practices, as defined in Business and Professions Code section 17200, et seq.

39.    DEFENDANT unless restrained will: 1) continue to pay the CLASS MEMBERS less than the legally required wages; 2) continue to wrongfully use and convert wages of CLASS MEMBERS for their own personal use and benefit; and, 3) wrongfully use and convert the wages due and owed to CLASS MEMBERS for their personal use and benefit.  These actions will deny CLASS MEMBERS the right to the prompt payment of the full sum of wages to which they are legally entitled, in contravention of the express public policy of the State of California.

40.    Moreover, DEFENDANT threatens to and unless restrained will convert monies in which CLASS MEMBERS have a lawful security interest, for their own use and benefit, in violation of CLASS MEMBERS' rights and security interest.

41.    The actions and omissions of DEFENDANT, as alleged above, in violation of California law, will irreparably harm the employees currently working for DEFENDANT, the CLASS MEMBERS, and the general public.

42.    CLASS MEMBERS have no plain, speedy, or adequate remedy at law, and unless enjoined from its unlawful practices, DEFENDANTS will continue to violate California law.

43.    Therefore, CLASS MEMBERS are entitled to an order of the court for an injunction, enjoining DEFENDANTS from: failing to properly pay CLASS MEMBERS their earned regular and overtime wages for all hours worked.

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**
DECLARATORY RELIEF
(PLAINTIFF AND CLASS MEMBERS against DEFENDANT)

44.     PLAINTIFFS hereby incorporate into this cause of action all previous paragraphs in this complaint as though fully set forth herein.

45.     Based on information and belief, DEFENDANT alleges that the time worked by CLASS MEMBERS at their residence securing their daily assignments and responding to company E-mails, as well as the time traveling from their home to their first assignment and from their last assignment to home, in the DEFENDANT'S vehicle, as alleged above, are not hours worked and CLASS MEMBERS are not entitled to wages for such time.

46.     As stated above, PLAINTIFF contest DEFENDANT'S position and contends that all such hours are hours worked under California law thus requiring Defendant to compensate CLASS MEMBERS for regular and overtime wages.

47.     Thus, an actual controversy has arisen and now exists between PLAINTIFF and CLASS MEMBERS and the DEFENDANT concerning their respective rights and duties based on the contentions above.

48.     PLAINTIFF (and CLASS MEMBERS) desire a judicial determination of their rights and duties, and a declaration as to whether the hours discussed above are compensable under California law.

**FOURTH CAUSE OF ACTION**
FAILURE TO WAGES
Labor Code §224
(PLAINTIFF AND CLASS MEMBERS against DEFENDANT)

49.     PLAINTIFF hereby incorporates into this cause of action all previous paragraphs in this complaint as though fully set forth herein.

- 11 -
CLASS ACTION COMPLAINT

50.     As a result of DEFENDANT'S pay practices, alleged above, the DEFENDANT have failed to pay CLASS MEMBERS their regular (non-overtime) wages, in violation of Labor Code § 224.

51.     Accordingly, the CLASS MEMBERS have been damaged during the applicable statutory period in a sum accordingly to proof at trial.  In addition, the CLASS MEMBERS are entitled to interest, reasonable attorney fees, and costs of this suit, in a sum according to proof at trial.

**FIFTH CAUSE OF ACTION**
FAILURE TO PAY OVERTIME TIME WAGES
Labor Code §510
(PLAINTIFF AND CLASS MEMBERS against DEFENDANT)

52.     PLAINTIFF hereby incorporates into this cause of action all previous paragraphs in this complaint as though fully set forth herein.

53.     As a result of DEFENDANT'S pay practices, alleged above, the DEFENDANT have failed to pay CLASS MEMBERS their overtime wages, in violation of Labor Code § 510.

54.     Accordingly, the CLASS MEMBERS have been damaged during the applicable statutory period in a sum accordingly to proof at trial.  In addition, the CLASS MEMBERS are entitled to interest, reasonable attorney fees, and costs of this suit, in a sum according to proof at trial.

**PRAYER**

**WHEREAS PLAINTIFF** prays for judgment as follows:

**As to the First Cause of Action:**

1.     For restitution of all unpaid wages illegally withheld from CLASS MEMBERS, in a sum according to proof at trial;

- 12 -
CLASS ACTION COMPLAINT

2.      For costs of suit herein incurred; including, reasonable attorney's fees incurred by PLAINTIFF AND THE CLASS, pursuant to Labor Code §§ 218.5, 1194 and Code of Civil Procedure Section 1021.5; and,

3.      Any other relief appropriate based on the allegations set forth herein.

**As to the Second Cause of Action:**

1.      For an order requiring DEFENDANT to show cause, if any they have, why it should not be enjoined from engaging in business practices which violate California's wage and hour laws, as alleged herein, during the pendency of this action;

2.      For a preliminary and permanent injunction enjoining and preventing DEFENDANT from converting the funds for their own use and benefit that are owed to and required to be paid as wages to CLASS MEMBERS;

3.      For costs of suit herein incurred; including, reasonable attorney's fees incurred by PLAINTIFF AND THE CLASS, pursuant to Labor Code §§ 218.5, 1194 and Code of Civil Procedure Section 1021.5; and,

4.      Any other relief appropriate based on the allegations set forth herein.

**As to the Third Cause of Action:**

1.      For a declaration that any the time worked by CLASS MEMBERS at their residence securing their daily assignments and responding to company e-mails, as well as the time traveling from their home to their first assignment and from their last assignment to home, in the DEFENDANT'S vehicle, as alleged above, are hours for which DEFENDANT failed to pay as required by California law;

2.      For costs of suit herein incurred; and,

3.      For such other and further relief as the court may deem proper.

**As to the Fourth Cause of Action:**

1.     General damages in the sum equal to all unpaid regular wages earned by the CLASS MEMBERS during the applicable statutory period;

2.     For costs of suit herein incurred, including reasonable attorney's fees incurred by PLAINTIFF and the CLASS, pursuant to Labor Code § 1194 and Code of Civil Procedure Section 1021.5; and,

3.     Any other relief appropriate based on the allegations set forth herein.

**As to the Fifth Cause of Action:**

1.     General damages in the sum equal to all unpaid overtime wages earned by the CLASS MEMBERS during the applicable statutory period;

2.     For costs of suit herein incurred, including reasonable attorney's fees incurred by PLAINTIFF and the CLASS, pursuant to Labor Code § 1194 and Code of Civil Procedure Section 1021.5; and,

3.     Any other relief appropriate based on the allegations set forth herein.

DATED:  December 20, 2011

**CONFORTI & CARRAS**

By: _____
Michael J. Carras, Esq.
Attorney for Plaintiff

- 14 -
CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

Michael J. Carras            244331
Conforti & Carras, APC
151 N. Kraemer Blvd. Suite 204
Placentia, CA 92870
TELEPHONE NO: (714) 577-1071   FAX NO: (714) 577-0711
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: Shiosaka v. State Farm

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 23 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: BC 47582 4 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Five (5)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 20, 2011

Michael J. Carras
(TYPE OR PRINT NAME)          ▶  _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BRYAN SHIOSAKA

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Shiosaka | State Farm |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [X] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [X] DAYS.

**Item II.** Indicate the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
> 2. May be filed in central (other county, or no bodily injury/property damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto (22) | [ ] A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110 | Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | [ ] A6070 | Asbestos Property Damage | 2. |
| | [ ] A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | [ ] A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210 | Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | [ ] A7240 | Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 | Premises Liability (e.g., slip and fall) | 1., 4. |
| | [ ] A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | [ ] A7270 | Intentional Infliction of Emotional Distress | 1., 3. |
| | [ ] A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

BRYAN SHIOSAKA

| SHORT TITLE: Shiosaka | CASE NUMBER State Farm |
|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or<br>wrongful eviction)<br>☐ A6008  Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br><br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0<br>Page 2 of 4

Martin Dean's<br>ESSENTIAL FORMS™

BRYAN SHIOSAKA

| SHORT TITLE: Shiosaka | CASE NUMBER: State Farm | |
|---|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150   Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect<br>(10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation<br>(28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation<br>Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

Martin Dean's
ESSENTIAL FORMS™

BRYAN SHIOSAKA

| SHORT TITLE: Shiosaka | CASE NUMBER State Farm |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  [X] 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | ADDRESS: N/A – CLASS ACTION CASE |
|---|---|
| CITY: | STATE: | ZIP CODE: 90012 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the    Stanley Mosk    courthouse in the Central    District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: December 20, 2011

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet, Judicial Council form CM-010.

4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11 ).

5.   Payment in full of the filing fee, unless fees have been waived.

6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.



BRYAN SHIOSAKA

# EXHIBIT 3

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 10 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Royena Juliano

1    Douglas R. Hart (SBN 115673)
     dhart@sidley.com
2    Geoffrey D. DeBoskey (SBN 211557)
     gdeboskey@sidley.com
3    Erica C. Parks (SNB 273893)
     eparks@sidley.com
4    SIDLEY AUSTIN LLP
     555 West Fifth Street, Suite 4000
5    Los Angeles, California 90013
     Telephone: (213) 896-6000
6    Facsimile: (213) 896-6600

7    Attorneys For Defendant
     STATE FARM MUTUAL AUTOMOBILE
8    INSURANCE COMPANY

9           SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF LOS ANGELES

11

12    BRYAN SHIOSAKA, an individual, and on    )    Case No. BC475824
     behalf of others similarly situated;            )
13                                   )    **STATE FARM'S ANSWER TO**
           Plaintiff,               )    **PLAINTIFF'S CLASS ACTION**
14                                     )    **COMPLAINT**
     vs.                               )
15                                     )    Complaint Filed: December 23, 2011
     STATE FARM MUTUAL AUTOMOBILE      )    Assigned to: Hon. Alan S. Rosenfield
16    INSURANCE COMPANY, an Illinois         )    Dept.: 31
     corporation, and DOES 1 through 100,      )    Trial Date: Not Set
17                                     )
           Defendant.             )
18                                     )
19                                     )
20                                     )
21                                     )
22                                     )

23

24

25

26

27

28

1  Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by its

2  undersigned attorneys, hereby answers Plaintiff's complaint (the "Complaint") and denies and

3  alleges as follows:

## GENERAL DENIAL

5  1.  Pursuant to California Code of Civil Procedure ("CCP") § 431.30, State Farm

6  generally denies all the allegations of Plaintiff's Complaint, and specifically denies that it is liable

7  to Plaintiff or any member of the putative class for any amount whatsoever.

## SEPARATE AFFIRMATIVE DEFENSES

9  2.  Without waiving or excusing the burden of proof of Plaintiff, or assuming any

10  burden that it would not otherwise bear, State Farm further asserts the separate and distinct

11  affirmative defenses stated below to each and every claim and cause of action alleged in the

12  Complaint, except where such affirmative defense states that it is specifically limited to one or more

13  claims or causes of action:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

16  3.  The Complaint, and each purported cause of action alleged therein, fails to state facts

17  sufficient to constitute a cause of action against State Farm.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

20  4.  The Complaint, and each purported cause of action alleged therein, is barred in

21  whole or in part by the applicable statutes of limitations, including, but not limited to the statues of

22  limitations set forth in California Code of Civil Procedure Sections 337, 338, 339, 340 and 343; and

23  Business and Professions Code Section 17208.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

26  5.  State Farm is informed and believes, and on that basis alleges, that Plaintiff lacks

27  standing to assert the complaint or any purported claim for relief alleged therein on behalf of

28  himself and others.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.     Based on their own conduct, Plaintiff and the putative class members are estopped from recovering any relief by the Complaint or any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

7.     State Farm is informed and believes, and on that basis alleges, that Plaintiff and the putative class members failed to mitigate their purported damages, if any, and to the extent of that failure to mitigate, their claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

8.     Based on their own conduct, Plaintiff and the putative class members have waived any right to recover any relief by the Complaint, or any purported cause of action alleged therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

9.     The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.     State Farm is informed and believes, and on that basis alleges, that Plaintiff and the putative class members have or had unclean hands with respect to the matters alleged in the Complaint, and are therefore barred from recovering any relief on the Complaint or any purported cause of action alleged therein.

## NINTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction Doctrine)

11.     The Complaint, and each purported cause of action alleged therein, should be abated in the court's discretion, and Plaintiff and the putative class members should be forced to pursue

their administrative remedies with the California Labor Commissioner/Division of Labor Standards Enforcement, which have primary jurisdiction over these claims.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

12.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed to pursue administrative remedies with the California Division of Labor Standards Enforcement and Labor and Workforce Development Agency.   Plaintiff should be ordered to pursue administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over their claims.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Inapplicability of California Business and Professions Code Sections 17200, et seq.)

13.    Plaintiff's claim under California Business and Professions Code Sections 17200, et seq. is barred because State Farm did not engage in any unfair business practice.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Legitimate Business Purpose)

14.    State Farm alleges that it cannot be liable for any alleged violation of California Business and Professions Code Sections 17200 et seq. because its actions, conduct, and dealings with its employees were lawful, and were carried out in good faith and for legitimate business purposes.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (No Proper Representative Claim)

15.    Plaintiff's claim under California Business and Professions Code Section Sections 17200, et seq. is not appropriate for resolution on a representative basis.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Specificity)

16.    Plaintiff's cause of action claiming unfair business practices in violation of California Business and Professions Code Sections 17200, et seq. is barred because Plaintiff failed to plead specific facts capable of stating a claim for unfair business practices.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Lack of Actual Injury)

17.     Plaintiff's cause of action claiming unfair business practices in violation of California Business and Professions Code Sections 17200, et seq. is barred because Plaintiff and the putative class members did not suffer actual injury.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Safe Harbor)

18.     Plaintiff's cause of action based upon California Business and Professions Code Sections 17200, et seq. is barred because the conduct alleged falls within a safe harbor.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Set-Off/Offset/Recoupment)

19.     Some or all of the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Consent)

20.     The alleged causes of action are barred, in whole or in part, because of Plaintiff and the putative class members' ratification, agreement, acquiescence or consent to State Farm's alleged conduct.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Misrepresentation)

21.     State Farm is informed and believes, and on that basis alleges, that Plaintiff's Complaint is barred, in whole or in part, by misrepresentations made by Plaintiff and the putative class members.

**TWENTIETH AFFIRMATIVE DEFENSE**

(No Damages)

22.     State Farm is informed and believes, and on that basis alleges, that Plaintiff and the putative class members have not suffered any damages as a result of any actions taken by State Farm or its agents, and are thus barred from asserting any causes of action against State Farm.

4

### TWENTY- FIRST AFFIRMATIVE DEFENSE

(Lack of Irreparable Injury)

23.    Plaintiff and the putative class members are not entitled to injunctive relief because they will not suffer any irreparable injury if injunctive relief is denied.

### TWENTY- SECOND AFFIRMATIVE DEFENSE

(No Losses/Unjust Enrichment)

24.    Plaintiff and the putative class members have not suffered any losses and State Farm has not been unjustly enriched as a result of any action or inaction of State Farm or its agents. Plaintiff and the putative class members are therefore not entitled to any disgorgement or restitution.

### TWENTY- THIRD AFFIRMATIVE DEFENSE

(Damages Too Speculative)

25.    Plaintiff and the putative class members cannot recover any of the damages alleged in the Complaint because such damages, if any, are too speculative to be recoverable at law.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

(Authorization of Law)

26.    The allegations on which Plaintiff bases the purported causes of action alleged in the Complaint are barred, in whole or in part, because of any acts and omissions of State Farm were at all times legal and authorized by law.

### TWENTY- FIFTH AFFIRMATIVE DEFENSE

(Due Process)

27.    An award of damages or penalties on a class wide basis in this action would violate State Farm's due process rights under the United States and California Constitutions.

### TWENTY- SIXTH AFFIRMATIVE DEFENSE

(No Causation)

28.    Plaintiff and putative class members are barred, in whole or in part, from recovery from on any of the claims in the Complaint because there is no causal relationship between any damages, the claims allegedly suffered, and any act of State Farm.  Any damages to which Plaintiff

1  and putative class members may be found to be entitled in this action, if any, were not directly or
2  proximately caused, in whole or in part, by State Farm, and such damages, if any, must be
3  decreased by the extent to which the acts or omissions of Plaintiff, putative class members or any
4  other third parties were a cause of said damages, if any.

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

### (Culpable Conduct of Others)

7      29.      Plaintiff's alleged damages were caused by persons, firms, corporations, entities or
8  organizations other than State Farm, and by reason thereof, State Farm is not liable to Plaintiff or
9  the putative class members for any alleged injuries, losses or damages alleged in the Complaint.

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

### (Release)

12      30.      By the purported putative class members' conduct and voluntary release of all claims
13  against State Farm, some or all of the purported putative class members have released State Farm
14  from any liability alleged in the Complaint, or any purported cause of action alleged therein.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Arbitrate)

17      31.      The Complaint and each cause of action therein is barred because the controversies
18  alleged in the Complaint and in each cause of action therein are subject to one or more written
19  agreements to arbitrate.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Contractual Grievance Procedures)

22      32.      The Complaint and each cause of action therein are barred because Plaintiff failed to
23  exhaust contractual dispute resolution procedures.

## THIRTY- FIRST AFFIRMATIVE DEFENSE

### (Non-Certifiable Class)

26      33.      The Complaint does not state grounds sufficient to certify a class, and therefore, this
27  action is not properly brought as a class action.

28

## THIRTY- SECOND AFFIRMATIVE DEFENSE

### (Inadequacy of Class Representatives)

34.   Plaintiff is not a proper representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

## THIRTY- THIRD AFFIRMATIVE DEFENSE

### (No Private Right of Action)

35.   Plaintiff lacks a private right of action to bring the claims for relief set forth in the Complaint.

## ATTORNEYS' FEES

36.   As a consequence of Plaintiff bringing or maintaining this action, State Farm has been required to retain attorneys to defend itself, and State Farm is entitled to recover its attorneys' fees incurred herein pursuant to California Labor Code Section 218.5 and California Code of Civil Procedure Sections 128.5 and 128.7.

## RESERVATION OF RIGHT TO AMEND ANSWER

37.   State Farm hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

## REQUEST FOR RELIEF

WHEREFORE, State Farm prays for judgment as follows:

1.   That the Complaint be dismissed in its entirety;

2.   That Plaintiff and the putative class members take nothing by reason of the Complaint and that judgment be rendered in favor of State Farm;

3.   That State Farm be awarded its costs of suit and attorneys' fees incurred in defense of this action; and

////

////

ANSWER TO COMPLAINT

1    4.    For such other and farther relief as the Court deems just and proper.

2

3

4    DATED:  February 10, 2012

5                                                    SIDLEY AUSTIN LLP

6                                                    By:

7                                                    Erica C. Parks
                                                     Attorneys for Defendant,
8                                                    STATE FARM MUTUAL
                                                     AUTOMOBILE INSURANCE
9                                                    COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           ) SS
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013.

On February 10, 2012, I served the foregoing document(s) described as **STATE FARM'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** on all interested parties in this action as follows:

>    Daniel A. Conforti,
>    Michael J. Carras
>    CONFORTI & CARRAS, APC
>    151 N. Kramer Blvd., Suite 204
>    Placentia, California 92870

I served the foregoing document(s) by U.S. Mail, as follows:  I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above.  I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2012, at Los Angeles, California.

Diana Mecca

9

ANSWER TO COMPLAINT