1  Joseph Antonelli, Esq. (SBN 137039)
   Janelle Carney, Esq. (SBN 201570)
2  **LAW OFFICE OF JOSEPH ANTONELLI**
   14758 Pipeline Ave, Suite E, 2nd Floor
3  Chino Hills, CA 91709
   Tel.: (909) 393-0223 / Fax: (909) 393-0471
4  Email: JAntonelli@antonellilaw.com;
        JCarney@antonellilaw.com
5
6  Attorneys for Plaintiff

7  Douglas R. Hart (SBN 115673)
   dhart@sidley.com
8  Geoffrey D. DeBoskey (SBN 211557)
   gdeboskey@sidley.com
9  Sheryl K. Horwitz (SBN 229115)
   shorwitz@sidley.com
10 **SIDLEY AUSTIN LLP**
   555 West Fifth Street
11 Los Angeles, California 90013-1010
   Telephone: (213) 896-6000
12 Facsimile: (213) 896-6600

13 Attorneys For Defendant
   STATE FARM MUTUAL
14 AUTOMOBILE INSURANCE COMPANY

15                    UNITED STATES DISTRICT COURT

16                   CENTRAL DISTRICT OF CALIFORNIA

17                    (WESTERN DIVISION – LOS ANGELES)

18

19 BRYAN SHIOSAKA, an individual,          Case No.: **CV 12 1268-CAS (CWx)**
   and on behalf of all others similarly
20 situated,                               Honorable Christina A. Snyder

21              Plaintiff,                 **CLASS ACTION**

22        v.                               [~~PROPOSED~~] **PROTECTIVE**
                                           **ORDER**
23 STATE FARM MUTUAL
   AUTOMOBILE INSURANCE                    *as modified by the court*
24 COMPANY, an Illinois Corporation,
   and DOES 1 through 50
25                                         Action Filed: December 23, 2011

26              Defendants

27

28

───────────────────────────────────────────────

                    **[PROPOSED] PROTECTIVE ORDER**

1  [PROPOSED] PROTECTIVE **ORDER**

2      The parties, Plaintiff Brian Shiosaka and Defendant State Farm Mutual

3  Automobile Insurance Company, through their attorneys of record, have agreed to

4  and filed a Stipulation and [Proposed] Protective Order, filed on October 5, 2012.

5  The Court finds the Stipulation and [Proposed] Protective Order reasonable and *as modified and attached here CW*

6  appropriately tailored to protect the rights of the parties to keep confidential trade

7  secrets and other private, commercially-sensitive, confidential, and/or proprietary

8  information.

9      It is hereby ORDERED that the Stipulation and [Proposed] Protective Order

10  shall be ADOPTED as the order of this Court.

11

12

13  Dated: 11/1/2012

    *Carla M. Woehrle*

14  UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Joseph Antonelli, Esq. (SBN 137039)
JAntonelli@antonellilaw.com
Janelle Carney, Esq. (SBN 201570)
JCarney@antonellilaw.com
**LAW OFFICE OF JOSEPH ANTONELLI**
14758 Pipeline Ave, Suite E, 2nd Floor
Chino Hills, CA 91709
Tel.: (909) 393-0223 / Fax: (909) 393-0471

Daniel A. Conforti, Esq. (SBN 180080)
Dan@cocalaw.com
Michael J. Carras, Esq. (SBN 244331)
Mike@cocalaw.com
**CONFORTI & CARRAS, APC**
151 N. Kraemer Blvd., Suite 204
Placentia, CA 92870
Tel: (714) 544-1071 / Fax: (714) 577-0711

Attorneys for Plaintiff

Douglas R. Hart (SBN 115673)
dhart@sidley.com
Geoffrey D. DeBoskey (SBN 211557)
gdeboskey@sidley.com
Sheryl K. Horwitz (SBN 229115)
shorwitz@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, California 90013-1010
Tel: (213) 896-6000 / Fax: (213) 896-6600

Attorneys For Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN SHIOSAKA, an individual, and on behalf of others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 100,<br><br>Defendants. | Case No. 2:12-cv-01268-CAS-CW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>State Action Filed: December 23, 2011<br>Removed: February 13, 2012<br><br>*Note changes made by the court* |

WHEREAS, Plaintiff Bryan Shiosaka, ("Plaintiff"), and Defendant State Farm Mutual Automobile Insurance Company ("Defendant") and, together with Plaintiff, the "Parties" or separately, a "Party") have commenced pretrial discovery in the action titled *Bryan Shiosaka v. State Farm Mutual Automobile Insurance Company*, Case No. 2:12-cv-CAS-CW (United States District Court of the Central District of California) (the "Action");

WHEREAS, disclosure and discovery in this Action may contain confidential, private, proprietary, and/or trade secret or other sensitive business information that warrants special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation.

WHEREAS, subject to and without waiving any objections any party may have as to the discoverability of any information, and without waiving any objections or legal claims any party may have (including but not limited to any objections or legal claims arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary information) the Parties wish to provide procedures for the exchange, handling and protection of "Confidential Information" or "Attorneys' Eyes Only Material" as defined herein;

WHEREAS the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protections afforded through this Protective Order extend only to information entitled to treatment as confidential under applicable legal principles. The Parties further acknowledge, as set forth below, that this Protective Order creates no entitlement to file confidential information under seal. The Parties agree to file documents under seal in accordance with this court's rules, including Central District of California General Order 62 and Local Rule 79-5.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 5.2(e) and 26, the Parties, by and through their respective counsel, hereby submit the following

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Stipulation and, good cause appearing, move the Court to approve the Stipulation as a Protective Order:

### A.    Confidential Information

1.    "Confidential Information," as used herein, means any type or classification of information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which the party designating such information (the "Designating Party") determines in good faith is not generally known to others and which the Designating Party:  (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; or (ii) believes in good faith is protected by a right to privacy under federal, state or foreign law or any other applicable privilege or right related to confidentiality or privacy.  Confidential Information includes, for example, information about current, past or prospective employees that is of a confidential or private nature, including, but not limited to, current or former employees' names and contact information, wage information and proprietary, confidential or sensitive information that otherwise is protected as a trade secret. In designating information as Confidential Information, the Designating Party will make such designation only as to that information it believes contains secret, confidential, private, and/or proprietary information that must be protected against disclosure to non-parties.  Each party shall exercise good faith in designating information as Confidential Information.  In exercising good faith, a responding party may not designate every single document it produces as "Confidential Information".

2.    "Attorneys' Eyes Only Material," as used herein, means any type or classification of information , whether it be a document, information contained in a document, information revealed during a deposition, information exchanged in discovery, or otherwise, which the Designating Party believes good faith contains secret, confidential, private, and/or proprietary information of the most sensitive

nature that must be protected against disclosure to anyone other those persons designated in Section C(2), below. Information designated as Attorney's Eyes Only shall be subject to all the protective terms applicable to Confidential Information as well as the more protective measures expressly set forth herein. Each Party shall exercise good faith in designating information as Attorneys' Eyes Only Material. In exercising good faith, the Designating Party may not designate every single document it produces as "Attorneys' Eyes Only Material".

**B.     Designation of Material as Confidential Information or Attorneys' Eyes Only Material**

1.     Confidential Information shall include all documents provided by a party that have been designated as confidential by marking the page: "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY MATERIAL." In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.

2.     Any party to this action may designate Confidential Information as "Confidential Information" or "Attorneys' Eyes Only Material" where the party exercises reasonable discretion in making the designation and where the designation is made upon a good faith belief that such information may reasonably be considered "Confidential Information" or "Attorneys' Eyes Only Material." Mass, indiscriminate or routinized designations are improper and no party waives the right to challenge any other party's designation. Each supplying party must take care to limit any designation to materials that qualify under the standards set forth herein and shall not designate information as "Confidential Information" or "Attorneys' Eyes Only Material" where such a designation is clearly unjustified or is made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expense and burdens on other parties).

3.     Marking or stamping "Confidential Information" or "Attorneys Eyes

Only Material" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information or Attorneys Eyes Only Material.

4.    The identification of information as Confidential Information or Attorneys' Eyes Only Material by a supplying party shall be made at a time when an answer to an interrogatory or an answer to a request for admission is served, when a copy of a document is provided to the other party, and/or when an inspection of premises or tangible things is made.  An inadvertent failure by a supplying party to identify information as Confidential Information or Attorneys' Eyes Only Material at the time of production shall not be deemed a waiver of the provisions of this Protective Order.  In the case of an inadvertent failure to designate, the supplying party shall notify the receiving party of the mistake within 48 hours of discovery. Upon such notice, the information will be retroactively designated Confidential Information or Attorneys' Eyes Only and subject to the terms of this Protective Order.

5.    Where information is produced by a third party that is not a party to the litigation, the Receiving party may designate the produced information as "Confidential Information" or "Attorneys' Eyes Only Material."   Identification of information as Confidential Information or Attorneys' Eyes Only Material by a receiving party shall be made in writing within twenty days of such receipt by stating in writing the specific pages that are to be marked Confidential Information or Attorneys' Eyes Only Material, marking the specific information as "Attorneys' Eyes Only Material" and, if the non-receiving party pays the costs, providing copies of the information marked as confidential to the Parties in this Action, subject to the receiving party withholding information or documents on the ground of a valid and applicable objection.  Every party shall in such cases mark every page so identified in his or her possession, custody or control with an appropriate marking identifying the information as Confidential Information or Attorneys' Eyes Only Material.

6.      Information disclosed at a deposition may be designated as confidential by either (a) indicating on the record at the deposition that the testimony is Confidential Information or Attorneys' Eyes Only Material and subject to the provisions of this Order or (b) designating those pages and lines of or exhibits to the transcript as Confidential Information or Attorneys' Eyes Only Material by notifying the opposing party in writing within twenty days of the receipt of the transcript of those pages and lines or exhibits that contain Confidential Information or Attorneys' Eyes Only Material.  Unless waived by the Parties at the conclusion of the deposition, the transcript or exhibits will be treated as Confidential Information during the twenty day period.  If a party elects to designate testimony or deposition exhibits as "Confidential Information" or "Attorneys' Eyes Only Material," the party so designating is responsible for notifying the court reporter or transcriber who reports or transcribes said testimony about the designation.  Confidential Information or Attorneys' Eyes Only Material must be separately bound by the court reporter, who must mark or designate pages containing such information as "Confidential Information" or "Attorneys' Eyes Only Material," as instructed by counsel for the party designating the transcript or exhibit, or portions thereof, Confidential Information or Attorneys' Eyes Only Material.  Confidential Information or Attorneys' Eyes Only Material may only be read by the Qualified Persons.

7.      In the event that a party or nonparty makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection.  For purposes of the initial inspections, all documents produced shall be considered as marked as "Confidential Information."  Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies as "Confidential Information" or "Attorneys' Eyes Only Material."

8.      Any party may challenge the propriety of the designation of Confidential

Information or Attorneys Eyes Only Material.  In accordance with the local rules, prior to filing any motion seeking judicial intervention for a determination as to the propriety of a designation, counsel for the party challenging such designation shall notify the other party of its intent to challenge the designation and, thereafter, the parties shall endeavor to reach an agreement regarding the status of that document or information within fourteen days.  In the event that good faith negotiations of counsel do not resolve the dispute between the Parties within fourteen days of a party's notice of its intent to challenge such designation, the challenging party ~~shall within fourteen court days thereafter~~ file a motion for relief pursuant to Civil L.R. ~~79.5~~ seeking judicial determination regarding the propriety of the disputed designation.  Nothing in this Protective Order allocates or reallocates any substantive burdens with respect to confidentiality; the party asserting confidentiality has the burden of establishing that the document or information at issue is entitled to confidential treatment.  Until the Court resolves the motion, the document will be treated as designated subject to the terms of this Protective Order.

   **C.     Disclosure of Confidential Information and Attorneys' Eyes Only Material**

   1.     Subject to Section C3 herein, information or material designated as Confidential Information  shall not be disclosed by any person who has received such Confidential Information to any other person except to the following Qualified Persons:

      (a)     the Parties, their representatives, employees and persons acting on their behalf who are assisting in the prosecution and/or defense of this Action;

      (b)     counsel of record for the Parties in this Action and the attorneys, paralegals, clerks and staff employed by counsel who are assisting in the prosecution and/or defense of this Action;

      (c)     Defendant's in-house counsel and paralegals, legal assistants,

clerical, secretarial, and other staff employed or retained by the Parties' in-house counsel;

    (d)    the Court and related officials involved in this litigation, including judges, magistrates, commissioners, referees, jurors, court reporters, videographers and other court personnel;

    (e)    Mediators, arbitrators and/or any other neutrals who are appointed, engaged or retained by the Court or the Parties;

    (f)    stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

    (g)    the person(s) who prepared or originated the Confidential Information, or who legitimately received such Confidential Information other than in connection with this Action;

    (h)    fact witnesses providing testimony by deposition or at any court proceeding in this case, subject to and in compliance with Section C3 herein;

    (i)    outside consultants and experts retained or employed to assist in the preparation of this Action for trial, subject to and in compliance with Section C3 herein;

    (j)    graphics or design services retained by counsel for a party for the sole purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section C3 herein;

    (k)    non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section C3 herein;

    (l)    any other person upon prior written consent of the Designating Party or pursuant to an order issues by this Court; and

    (m)    any of the Qualified Persons having access to "Attorneys' Eyes Only Material."

2.      Subject to Section C3 herein, information designated as Attorneys' Eyes Only Material shall not be disclosed by any person who has received such Attorneys' Eyes Only Material to any other person except to the following Qualified Persons:

(a)      Counsel of record for the Parties in this Action and the attorneys, paralegals, clerks and staff employed by counsel who are assisting in the prosecution and/or defense of this Action;

(b)      The named Plaintiff subject to the restrictions set forth in Section C4;

(c)      Defendant's in-house counsel and paralegals, legal assistants, clerical, secretarial, and other staff employed or retained by the Parties' in-house counsel;

(d)      the Court and related officials involved in this litigation, including judges, magistrates, commissioners, referees, jurors, court reporters, videographers and other court personnel;

(e)      Mediators, arbitrators and/or any other neutrals who are appointed, engaged or retained by the Court or the Parties;

(f)      stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

(g)      outside consultants and experts retained or employed to assist in the preparation of this Action for trial, subject to and in compliance with Section C3 herein;

(h)      graphics or design services retained by counsel for a party for the sole purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section C3 herein;

(i)      non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section C3 herein;

LA1 1905945v.1

    (j)    any other person upon prior written consent of the Designating Party or pursuant to an order issues by this Court; and

    3.    All persons listed in Sections C 1(h), (i), (j), and (k) above may be given access to information or material designated as "Confidential Information," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.  Similarly, all persons listed in Sections C2(g), (h), (i) and (j) above may be given access to information or material designated as "Attorneys' Eyes Only Material" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.  Provided, however, that a person listed in Section C 1(i) may be shown information designated as "Confidential Information" without agreeing to the terms of this Protective Order or signing a copy of an undertaking in the form attached hereto as Exhibit A only if they are shown the information on the record in front of counsel for all Parties to this litigation and so long as the witness agrees on the record to not disclose or utilize the information in any manner.

    4.    The Named Plaintiff may be given limited access to the information designated as "Attorney's Eyes Only."  Specifically, the Named Plaintiff and Counsel for the Named Plaintiff may discuss information contained in materials designated as "Attorney's Eyes Only," but the Named Plaintiff may not be shown or given the originals or copies of the materials designated "Attorney's Eyes Only" and may not possess, see, create, or recreate any materials, notes, recordings, or documents in any form setting forth the information designated as "Attorney's Eyes Only."  The Named Plaintiff's access to "Attorney's Eyes Only" information is strictly limited to attorney-client discussions with his Counsel, and the Named Plaintiff may not communicate in any form regarding information designated as "Attorney's Eyes Only" other than with

his Counsel for purposes directly and solely related to this litigation.

5.     The receiving party shall retain all executed undertakings in the form attached hereto as Exhibit A until the end of the Action.  In the event of a possible violation of this Protective Order during the pendency of the Action, either party may make a motion to request that the Court order production of the executed non-disclosure agreements to the Designating Party for good cause shown.  Otherwise, these non-disclosure agreements are strictly confidential and are not subject to any discovery request while the Action is pending.

6.     Any party who is served with a subpoena or other request for production of Confidential Information or Attorneys Eyes Only Material produced by the other party must within 48 hours provide written notice of such subpoena or other notice to the Designating Party so as to afford the Designating Party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production of Confidential Information or Attorneys Eyes Only Material.  Upon receiving such notice, the Designating Party shall bear the burden of opposing, if it deems appropriate, the subpoena or request for production.  ~~In no event shall production or disclosure be made without written approval by the Designating Party unless required by~~ court order arising from ~~a motion to compel production of Confidential Information or Attorneys Eyes Only Material.~~

**D.     Use of Confidential Information and Attorneys' Eyes Only Material**

1.     Any information designated as Confidential Information or Attorneys' Eyes Only Material may only be made available or disclosed to the Qualified Persons identified in Section C.  Persons who, by virtue of the conduct of this litigation, have knowledge of the designated Confidential Information or Attorneys' Eyes Only Material shall not suffer or permit its disclosure or that of any information obtained, derived, compiled, or ascertained therefrom, to any person or persons not entitled under this Protective Order to receive such information.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

2.      Confidential Information and Attorneys' Eyes Only Material shall be used solely and exclusively for the prosecution and/or defense of this Action. Confidential Information and Attorneys' Eyes Only Material cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever.

3.      With respect to information designated as Confidential Information or Attorneys' Eyes Only Material, copies of documents, testimony, or other information shall only be received, kept, or maintained by Qualified Persons, as defined above.

4.      Any person may be examined as a witness during a deposition concerning any information or material designated as "Confidential Information" or "Attorneys' Eyes Only Material" which that person had lawfully received or authored prior to and apart from this action.  During examination, any such witness may be shown information or material designated as "Confidential Information" or "Attorneys' Eyes Only Material" which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, the Designating Party or otherwise appears on its face to contain information about which it appears reasonably likely that the witness has discoverable information, provided that the witness first confirms their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

5.      If Confidential Information or Attorneys Eyes Only Material is used in any depositions taken in this matter, that portion of the original transcript of the deposition and all copies thereof shall be separately bound and stamped "Confidential" or "Attorneys Eyes Only."  Testimony taken at a deposition may be designated as Confidential Information or Attorneys Eyes Only Material by making a statement to that effect on the record at the deposition, or by notifying the other party within two weeks following receipt of the transcript as to the specific testimony or items claimed to be Confidential Information or Attorneys Eyes Only Material.  If any

LAI 1905945v.1

portions of the deposition transcript and/or video or audio versions of the depositions contain Confidential Information or Attorneys Eyes Only Material at the request of the designating party, or references thereto, they must be filed with the Court in compliance with Section E of this Protective Order.

6.     A copy of the Protective Order shall be attached as an exhibit to the deposition transcript at the request of the designating party.  The court reporter shall be subject to the Protective Order and precluded from providing the original or copies of the deposition transcript, or portions thereof, to any persons or entities other than counsel of record in the Action.  Any audiotape and/or videotape of said deposition shall also be subject to this Protective Order.  The deposition videographer shall be subject to this Protective Order and precluded from providing the original or copy of the deposition videotape, or portions thereof, to any persons or entities other than counsel of record in this Action.  Any audiotape shall also be subject to this Protective Order and all persons shall be precluded from providing the original or copy of the deposition audiotape, or portions thereof, to any persons or entities other than counsel of record in the Action.

7.     Only Qualified Persons permitted access to Confidential Information or Attorneys Eyes Only Material pursuant to Section C of this Protective Order shall attend any deposition where Confidential Information or Attorneys Eyes Only Material is used, including the named parties.  However, where feasible, an individual who is not allowed access to Attorneys Eyes Only Material may attend portions of the deposition where Attorneys Eyes Only Material is not used or discussed.  Individuals attending any depositions using Confidential Information or Attorneys Eyes Only Material shall not disclose to any person any statements made by deponents at depositions that reference Confidential Information or Attorneys Eyes Only Material unless that person is independently allowed access to the information.

8.     The terms of this Order shall not prevent any party from using

LA1 1905945v.1

Confidential Information or Attorneys' Eyes Only Material for a trial in this matter. Any Confidential Information or Attorneys' Eyes Only Material that can be introduced at trial shall not include confidentiality designation stamps. However, removal of such stamps does not alter the status of the information as confidential unless it is admitted into evidence by the Court, in which case the evidence will become public knowledge unless the Court orders otherwise. Any party may, at or before the time of trial, seek an order of the Court to restrict access to particular documents or testimony in the trial.

**E.     Filing Confidential Information or Attorneys Eyes Only Material**

1.     The Parties hereby incorporate by reference Central District of California General Order 62 and Civil L.R. 79-5 for purposes of filing documents under seal. To the extent any provision of this Protective Order is not consistent with the General Order or Civil L.R. 79-5, the latter two govern.

2.     The Parties shall use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Confidential Information or Attorneys Eyes Only Material in accordance with Local Rule 79-5:

   a. the original and judge's copy of the document shall be placed in sealed separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes;

   b. Confidential material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5;

   c. a Notice of Manual Filing shall be electronically filed identifying materials being manually filed.

3.     If Confidential Information or Attorneys Eyes Only Material is included

in any papers to be filed in Court, such papers shall be accompanied by an Administrative Motion to File Under Seal in conformity with Civil L.R. 79-5, et seq. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged pursuant to Civil L.R. 79-5.

4.      Nothing shall prejudice any party's rights to object to the introduction of any Confidential Information or Attorneys Eyes Only Material into evidence, on grounds, including, but not limited to, relevance and privilege.

**F.      No Admission or Waivers**

The execution of this Order shall not:

1.      constitute a waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to Confidential documents or information; or

2.      be construed as an admission or agreement that any document or information designated as Confidential is, in fact, confidential or otherwise entitled to any protective relief whatsoever.

**G.      Inadvertent Disclosure**

Any inadvertent production of documents containing privileged information shall not be deemed a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines protecting against disclosure of confidential information or other third party private information. The Parties specifically reserve the right to demand the return of any and all privileged documents that they may produce inadvertently during discovery if the producing party determines that such documents contain privileged information. After receiving notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to immediately locate and return to the producing party all such inadvertently produced documents. Additionally, the receiving party agrees to identify all unqualified persons having received all such

inadvertently produced documents.

**H.     Return of Documents**

1.     The Action is terminated when all of the following that are applicable occur:  (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post-appeal proceedings have concluded.

2.     Unless otherwise agreed in writing, within ninety days of final termination of this litigation, the Parties to this litigation shall deliver to the party designating materials as Confidential Information or Attorneys' Eyes Only Material pursuant to this Protective Order those documents specifically designated as such (including any copies thereof), or counsel, at its discretion, shall certify the destruction thereof.

3.     Counsel of record for the Parties may keep, in strictest confidence, those copies of any part of the Confidential Information that has become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions.  Such information shall remain subject to the terms of this Protective Order.

**I.     Miscellaneous**

1.     It is expressly understood by and between the Parties that in producing Confidential Information and/or Attorneys Eyes Only Material in the Action, the Parties are relying upon the terms and conditions of the Protective Order.

2.     The Parties can modify the terms of the Protective Order by written agreement or the Court may modify it through an order.  The Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement of this action.  IT IS SO STIPULATED,

LAI 1905945v.1

1  THROUGH COUNSEL OF RECORD.

2  Respectfully submitted,

3

4  Dated: October 1, 2012          LAW OFFICE OF JOSEPH ANTONELLI

5                                  CONFORTI & CARRAS, APC

6

7                          By: _____

8                                  Joseph Antonelli

                                    Janelle Carney

9                                   Attorney for the Plaintiff

10

11  Dated: October 3, 2012          CONFORTI & CARRAS, APC

12

13                         By: _____
                                    Michael J. Carras /lg

14                                  Daniel A. Conforti

                                    Michael J. Carras

15                                  Attorney for the Plaintiff

16

17  Dated: October __, 2012         SIDLEY AUSTIN LLP

18

19                         By: _____

20                                  Douglas Hart

                                    Sheryl Horwitz

21                                  Attorney for the Defendant

22

23

24

25

26

27

28

LA1 1905945v.1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Dated: October ___, 2012       LAW OFFICE OF JOSEPH ANTONELLI
      CONFORTI & CARRAS, APC


By: _____

Joseph Antonelli
Janelle Carney
Attorney for the Plaintiff


Dated: October ___, 2012       CONFORTI & CARRAS, APC


By: _____

Daniel A. Conforti
Michael J. Carras
Attorney for the Plaintiff


Dated: October 3, 2012       SIDLEY AUSTIN LLP


By: _____

Douglas Hart
Sheryl Horwitz
Attorney for the Defendant

# EXHIBIT A:  CONFIDENTIAL UNDERTAKING

I acknowledge that I have read and I am fully familiar with the Stipulation and Protective Order in the matter of *Bryan Shiosaka v. State Farm Mutual Automobile Insurance Company*, Case No. 2:12-cv-CAS-CW (United States District Court of the Central District of California), and that I fully understand the terms of the Court's Order.  I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.  I hereby consent to be subject to the personal jurisdiction of the United States District Court of the Central District of California in respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of court.

Dated: _____

Signature _____

Name _____

Address _____

LAI 1905945v.1

17
STIPULATION AND [PROPOSED] PROTECTIVE ORDER