Joseph Antonelli, Esq. (SBN 137039)
JAntonelli@antonellilaw.com
Janelle Carney, Esq. (SBN 201570)
JCarney@antonellilaw.com
Jason Hatcher, Esq. (SBN 285481)
JHatcher@antonellilaw.com
**LAW OFFICE OF JOSEPH ANTONELLI**
14758 Pipeline Ave, Suite E, 2nd Floor
Chino Hills, CA 91709
Tel.: (909) 393-0223 / Fax: (909) 393-0471

Daniel A. Conforti, Esq. (SBN 180080)
Dan@cocalaw.com
Michael J. Carras, Esq. (SBN 244331)
Mike@cocalaw.com
**CONFORTI & CARRAS, APC**
151 N. Kraemer Blvd., Suite 204
Placentia, CA 92870
Tel:  (714) 577-1071/ Fax: (714) 577-0711

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| BRYAN SHIOSAKA, an individual, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, and DOES 1 through 50 <br><br> Defendants | **Case No.: CV 12 1268-CAS (CWx)** <br><br> Honorable Christina A. Snyder <br><br> **CLASS ACTION** <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Date:      July 1, 2013 <br> Time:     10:00 a.m. <br> Dept.:     5 <br><br> Action Filed:  December 23, 2011 |

[Proposed] Order Granting Plaintiff's Motion for Conditional Certification and Preliminary Approval of Class Action Settlement

Plaintiff's Motion for Conditional Certification and Preliminary Approval of a Class Action Settlement came on for hearing before this court, the Honorable Christina A. Snyder, on July 1, 2013, at 10:00 a.m. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") did not oppose the Motion. The court having considered the papers submitted in support of the motion and having heard oral argument of the parties, hereby finds and orders as follows:

1.      The Court hereby preliminarily approves the proposed class settlement upon the terms and conditions set forth in the Stipulation and Settlement Agreement attached hereto as **Exhibit 1**. The Court finds that on a preliminary basis the Settlement appears to be within the range of reasonableness necessary for preliminary approval by the Court. It appears to the Court that the Settlement amount is fair, adequate, and reasonable as to all potential Settlement Class Members when balanced against the probable outcome of further litigation, and ultimately relating to liability and damages issues. It further appears that extensive and costly investigation and research has been conducted such that counsel for the parties at this time is reasonably able to evaluate their respective positions. It further appears to the Court that the Settlement at this time will avoid substantial additional costs by all parties, as well as the delay and risks that would be presented by the further prosecution of the Litigation. It appears that the

- 1 -

[Proposed] Order Granting Plaintiff's Motion for Conditional Certification and
Preliminary Approval of Class Action Settlement

Settlement has been reached as a result of intensive, conclusive, arms-length negotiations utilizing an experienced third party neutral.

2. That the Settlement Class is defined as follows:

> All current employees who worked for Defendant in California as an hourly non-exempt Automotive Estimatics Inspector ("AEI") from December 23, 2007 to May 31, 2013.

3. That the settlement proposed has been negotiated at arm's length and is preliminarily determined to be fair, reasonable, adequate and in the best interest of the settlement classes as defined above and in the Stipulation and Settlement of Class Action Claims;

4. That the Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose, the proposed Class meets the requirements of certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) the claims of Plaintiff Bryan Shiosaka are typical of the claims of the members of the proposed Class; (d) Plaintiff Bryan Shiosaka and his counsel will fairly and adequately protect the interests of the proposed Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy.

[Proposed] Order Granting Plaintiff's Motion for Conditional Certification and Preliminary Approval of Class Action Settlement

5.     That the Court hereby preliminarily appoints for settlement purposes only, Joseph Antonelli, Janelle Carney, and Jason Hatcher of the Law Office of Joseph Antonelli and Michael J. Carras and Daniel A. Conforti of Conforti & Carras, APC, as class counsel. The Court preliminarily appoints named plaintiff Brian Shiosaka as Class Representative.

6.     The Court confirms Rust Consulting, Inc. as the Claims Administrator and preliminarily approves settlement administrative costs estimated at no more than $25,000 to be paid from the Total Gross Settlement Amount for the services to be rendered by Rust Consulting, Inc. on behalf of the class.  The Claims Administrator shall prepare and submit to the Court, Class Counsel and Defendant's Counsel at least fourteen (14) calendar  days prior to the date of the Final Fairness Hearing a statement setting forth: (i) the names and number of Class Members who have objected to the Settlement; (ii) complete copies of all objections received, including the postmark dates for each objection, (iii) the names of the individuals who have timely sent requests for exclusion; and (iii) the total amount owed to the Participating Class Members.

7.     That all Class members be given notice of this settlement as set forth in the Stipulation and Settlement of Class Action Claims attached as **Exhibit 1** thereto, informing them of the terms of the settlement and their right to file a claim, request exclusion from the class or to object to the settlement;

- 3 -

[Proposed] Order Granting Plaintiff's Motion for Conditional Certification and
Preliminary Approval of Class Action Settlement

8.      That the Court approves as to the form and content the Proof of Claim Form ("Proof of Claim") (attached as **Exhibit 2** to the Settlement Agreement). That the Notice and Proof of Claim (and dates selected for the mailing and distribution of the Notice and Proof of Claim set forth herein) fully comply with the requirements <u>FRCP</u> Rule 23 and California <u>Code of Civil Procedure</u> §382, Rules 3.766 and 3.769 of the <u>California Rules of Court</u>, and due process, and constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of settlement.

9.      That the Notice (and dates selected for the mailing and distribution of the Notice set forth herein) fully comply with the requirements of <u>FRCP</u> Rule 23(e), and due process, and constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of settlement;

10.     That anyone who wishes to participate in the settlement must submit a fully executed Claim Form, postmarked to the Claims Administrator within forty-five (45) days of the initial mailing of the Notice by the Claims Administrator, as described in the Procedure for Submission of Claim Form, paragraph 14(d) of the Stipulation and Settlement of Class Claims.

11.     That anyone who wishes to request exclusion from the Class must submit signed Requests for Exclusion postmarked to the Claims Administrator

- 4 -

[Proposed] Order Granting Plaintiff's Motion for Conditional Certification and Preliminary Approval of Class Action Settlement

within forty-five (45) days of the initial mailing of the Notice by the Claims Administrator.  Persons wishing to be excluded from the Class must state in writing their name, address and telephone number, and state that they wish to be excluded from the Class and must sign their name to same, as described in the Procedure for Requesting Exclusion, paragraph 14(b) of the Stipulation and Settlement of Class Claims.

12.     That anyone who does not request exclusion from the Class during the opt out period, and who objects to the settlement may appear in person or through counsel at his or her own expense at the final approval hearing to present any evidence that may be proper and relevant.  However, no such person shall be heard, and no briefs, pleadings, or other documents submitted by any person shall be received and considered by the court, unless postmarked no later than 45 days after the date of mailing of the Notice to the Class.  Further, prior to being heard in court, the person must have both filed with the court and mailed to class counsel and counsel for Defendant at the address designated in the Notice, a written objection that includes (a) a notice of intention to appear, (b) proof of membership in the Class and (c) the specific grounds for objection and any reason why such person desires to be heard, as well as all documents and writings as such person desires the court to consider.  Any person who fails to object in the manner described herein, shall be deemed to have waived his or her objections and forever

- 5 -

[Proposed] Order Granting Plaintiff's Motion for Conditional Certification and Preliminary Approval of Class Action Settlement

be barred from making any objections in the action or any other action or

proceeding;

13.     That Class members are hereby enjoined from filing or prosecuting

any claims, suits or administrative proceedings (including filing claims with the

California Division of Labor Standards Enforcement and the Labor and Workforce

Development Agency) regarding claims released by the Joint Stipulation of

Settlement and Release unless and until such Class members have filed valid

Requests for Exclusion with the Claims Administrator.

14.     The Court hereby preliminarily approves the definition and

disposition of the Total Gross Settlement Fund in the amount of Five Million

Dollars ($5,000,000.00) as set forth in the Settlement Agreement, which is

inclusive of: employer taxes, including the employer FICA, FUTA, and SDI

contributions; the payment of attorneys' fees not to exceed thirty percent (30%) of

the Total Gross Settlement Fund ($1,500,000.00); class counsel costs estimated at

Fifteen Thousand Dollars ($15,000.00); the cost to administer the settlement at

approximately no more than Twenty-Five Thousand Dollars ($25,000.00); and

service payments to the class representative.  The Court preliminarily approves the

service payments to the class representative, Bryan Shiosaka in the amount of

Twenty Thousand Dollars ($20,000).  This service payment is preliminarily

approved as Ten Thousand Dollars ($10,000) for the general release portion and

[Proposed] Order Granting Plaintiff's Motion for Conditional Certification and
Preliminary Approval of Class Action Settlement

Ten Thousand Dollars ($10,000) as the enhancement portion, all subject to the Court's final approval of the Settlement.  Ten Thousand Dollars ($10,000) allocation in exchange for a full release including waiver of all <u>Civil Code</u> § 1542 claims that Mr. Shiosaka is providing.

The Court directs Defendant to diligently and in good faith complete from its Human Resources employee information database a class list, which it shall provide to the Claims Administrator and Law Office of Joseph Antonelli within ten (10) business days of Preliminary Approval of the Settlement ("Class List and Data Report").  The class list and data report shall be in a computer-readable format, and shall include each Class Member's name, last known mailing address, and telephone number, to the extent available in the Human Resources employee information database.  The list will also include each AEI's Individual Gross Wages (as that term is defined in the Settlement Agreement attached as **Exhibit 1**), during the applicable class period.  The Court further directs the Law Office of Joseph Antonelli (i) to maintain the confidentiality of the Class List and Data Report and its contents, (ii) not to share the Class List and Data Report or its contents with any entity or individual outside of the Law Office of Joseph Antonelli, and (iii) only to use the Class List and Data Report or its contents for purposes of effectuating the settlement.

[Proposed] Order Granting Plaintiff's Motion for Conditional Certification and Preliminary Approval of Class Action Settlement

15.   The Claims Administrator shall use the National Change of Address database to check for updated addresses for all Class Members within ten (10) calendar days of receiving the database from Defendant.  The Claims Administrator shall then mail via first class U.S. mail the Notice of Proposed Class Action Settlement approved herein on or before the Notice date.

16.   Plaintiff and/or Defendant may file oppositions to any properly filed Objection to the Settlement no later than seven (7) days prior to the date of the Final Fairness hearing.

17.   That the parties are required to notify "appropriate Federal and State Officials" of the settlement as required by 28 U.S.C. Section 1715.

18.   That the Court will conduct a final approval and fairness hearing (no earlier than 30 calendar-days from the deadline to postmark Claim Forms/Objections and/or Opt-Out). on October 28, 2013 in Courtroom 5 – 2nd Floor, of the above captioned court to determine the overall fairness of the settlement and to fix the amount of attorneys' fees and costs to class counsel and enhancement to the class representative.

19.   All further proceedings in this action shall be stayed except such proceedings necessary to review, approve, and implement this Settlement.

20.   In the event the Settlement does not become effective in accordance with the terms of the Stipulation and Settlement Agreement, or the Settlement is

- 8 -

[Proposed] Order Granting Plaintiff's Motion for Conditional Certification and
Preliminary Approval of Class Action Settlement

not finally approved or terminated, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions prior to notifying the Court of the settlement of the action.

21.    The Court orders the following schedule of dates for further proceedings:

1.  First Mailing of Notice, etc., to the Class (25 business-days from the date of Preliminary Approval), on: August 6, 2013;

2.  Follow-up mailing to Class (when mail returned): 5 business days after receipt of returned mail;

3.  Deadline to postmark Claim Forms/Objections and/or Opt-Out (45 calendar-days from the First Mailing of Notice, etc., to the Class), on: September 20, 2013;

4.  Fairness Hearing (no earlier than 30 calendar-days from the deadline to postmark Claim Forms/Objections and/or Opt-Out), on: October 28, 2013

Dated: _____        _____
                                    Judge of the United States District Court

[Proposed] Order Granting Plaintiff's Motion for Conditional Certification and Preliminary Approval of Class Action Settlement

LA1 2745545v.2

# Exhibit 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| BRYAN SHIOSAKA, an individual, and on behalf of all others similarly situated, | Case No.: CV 12 1268-CAS (CWx) |
| | Honorable Christina A. Snyder |
| Plaintiff, | **CLASS ACTION** |
| v. | **STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, and DOES 1 through 50 | |
| | Action Filed:  December 23, 2011 |
| Defendants | |

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

1.     Subject to final approval by the Court, which counsel and parties agree to pursue and recommend in good faith, Plaintiff BRYAN SHIOSAKA, individually and on behalf of all employees similarly situated, on the one hand ("Named Plaintiff"), and Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, on the other hand ("Defendant"), on the other (collectively "the Parties") hereby agree to the following binding settlement of the class action <u>Bryan Shiosaka v. State Farm Mutual Automobile Insurance Company</u>, United States District Court – Central District of California, Case No. **CV** 12 1268-CAS (CWx).

## <u>DEFINED TERMS</u>

As used herein, the following terms are defined as:

2.     "Action" means <u>Bryan Shiosaka v. State Farm Mutual Automobile Insurance Company</u>, United States District Court – Central District of California, Case No. CV 12 1268-CAS (CWx).

3.     "Agreement," "Settlement," or "Stipulation" means this Stipulation and Settlement Agreement of Class Action Claims.

4.     "Attorneys' Fees and Cost Award" means the amount authorized by the Court to be paid to Class Counsel for the services they have rendered and expenses they have incurred in prosecuting the Action.  Class Counsel shall request, and Defendant will not oppose, an award of Attorneys' Fees of up to One Million Five Hundred Thousand dollars ($1,500,000.00) or Thirty percent (30%) of the Total Maximum Settlement Fund of Five Million Dollars ($5,000,000.00), and a Cost Award of up to Fifteen Thousand Dollars ($15,000.00).  The Attorneys' Fees and Cost Award shall be paid from the Gross Settlement Payment.  Class Counsel will be issued IRS Form 1099 for the Attorneys' Fees and Cost Award.

5.     "Claims" means all claims which were or could have been asserted for Defendant's failure to pay overtime, regular, and minimum wages (including any

1

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

and all claims for alleged failure to pay overtime, compensate Class Members for all hours worked, or properly calculate the regular rate); failure to promptly pay all wages due and owing at the time of an employee's termination or discharge; failure to issue properly itemized wage statements; all related claims for Unfair Competition or Business Practices under California's <u>Business and Professions Code</u> or similar laws; all claims for violations of <u>Labor Code</u> section 224; all claims for any and all penalties pursuant to the Private Attorneys General Act of 2004, <u>Labor Code</u> §2698, et seq., arising out of the aforementioned claims, or any other claims arising from, or which could have arisen from, the facts alleged in the Action.

6.     "Claims Administrator" means Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 54402-2469; Telephone: (612) 359-2000; Facsimile: (612) 359-7488.

7.     "Claims Administration Costs" means the amount that will be paid to the Claims Administration and includes all costs incurred in administering the Settlement, which will be paid from the Gross Settlement Payment, as defined in paragraph 23, *infra*.

8.     "Claims/Objection/Exclusion Deadline Date" means the date, no later than forty-five (45) calendar days after the date the Claim Form is mailed, respectively, (judged by the postmark date) by the Claims Administrator, on or before which the written objection or request for exclusion must be validly completed, signed and returned by mail (judged by the postmark date) for a Class Member to be eligible to receive an Individual Settlement Payment.

9.     "Class" and "Class Members" mean and refer to a member of the class conditionally certified for settlement purposes by the United States District Court – Central District of California, during the applicable Class Period, consisting of all current and former employees who worked for Defendant in

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

California as an Automotive Estimatics Inspector ("AEI") from December 23, 2007 to the date of Preliminary Approval Order entered who submit a valid and timely claim form.  However, the end date of the class period shall not be later than May 31, 2013.

10.     "Class Counsel" and "Plaintiff's Counsel" mean and refer to Joseph Antonelli, Esq. of the Law Office of Joseph Antonelli and Michael J. Carras of Conforti & Carras, APC.

11.     "Class List and Data Report" means a list of current and former AEIs that Defendant will diligently and in good faith complete from its Human Resources employee information database and provide to the Claims Administrator and Law Office of Joseph Antonelli within ten (10) business days of Preliminary Approval of the Settlement.  The Class List and Data Report shall be in a computer-readable format, and shall include each Class Member's name, last known mailing address, and telephone number, to the extent available in the Human Resources employee information database.  The list will also include each AEI Employee's Individual Gross Wages, as defined *infra*, during the applicable Class Period.  The Class List and Data Report shall be provided in a computer-readable format.  The Law Office of Joseph Antonelli agrees (i) to maintain the confidentiality of the Class List and Data Report and its contents, (ii) not to share the Class List and Data Report or its contents with any entity or individual outside of the Law Office of Joseph Antonelli, and (iii) only to use the Class List and Data Report or its contents for purposes of effectuating the settlement.

12.     "Class Period" means the period from December 23, 2007 through the date of Preliminary Approval, in no event later than May 31, 2013.

13.     "Court" means the United States District Court – Central District of California.

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

14.     "Defendant" or "State Farm" means State Farm Mutual Automobile Insurance Company.

15.     "Defendants' Counsel" means of Douglas R. Hart, Sheryl K. Horwitz, and Erica C. Parks of SIDLEY AUSTIN, LLP.

16.     "Effective Date" means the later of: (a) the date on which the time for appeals by Class Members who validly submitted a Notice of Objection, from any Order ruling on any objections or granting Final Approval of the Settlement has run; (b) the resolution of any appeal, filed by a Class Member who validly submitted a Notice of Objection, from any Order ruling on any objections for granting Final Approval of the Settlement; or (c) the Final Approval Date.

17.     "Final Approval" means the Court's order granting final approval of the Settlement.

18.     "Final Approval Date" means the date on which Defendant's Counsel receives the Court's Final Approval order.

19.     "Final Approval Hearing/Settlement Fairness Hearing" means the hearing at which the Court considers whether to approve the Settlement and to enter the Final Judgment.

20.     "Final Judgment" means the Court's Final Judgment in a form to be agreed upon by the Parties prior to the hearing on the Motion for Preliminary Approval.

21.     "General Release" means The Plaintiff, in his individual capacity and with respect to his individual claims only, agrees to release the Defendant from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any collective bargaining agreement, and/or any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

Defendant committed or omitted prior to the execution hereof including a waiver of <u>Civil Code</u> §1542.  Said Section reads as follows:

> **Section 1542.  [General Release – Claims Extinguished.]  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

22.   "Gross Individual Settlement Payment" means the settlement amount for each individual Class Member resulting from the calculations set forth in Section I, paragraph 12, infra.

23.   "Gross Settlement Payment" is synonymous with "Total Maximum Settlement Fund" and means the total amount that State Farm will be required by this Stipulation to pay to the Class Members, Named Plaintiff, Class Counsel, the Labor and Workforce Development Agency and the Claims Administrator.  The Gross Settlement Payment shall not exceed the Total Maximum Settlement Fund.  The Total Maximum Settlement Fund is the total amount that shall be paid by State Farm including employer taxes, including the employer FICA, FUTA, and SDI contributions.  The Total Maximum Settlement Fund is Five Million Dollars ($5,000,000).

24.   "Named Plaintiff" means Bryan Shiosaka.

25.   "Net Individual Settlement Payment" means the amount paid to each AEI class member who is a Participating Settlement Class Member's Gross Individual Settlement Payment less employee portions of state and federal withholding taxes, including the employee portion of FICA, FUTA and SDI contributions and any other applicable payroll deductions required by law as a result of the payment of the amount allocated to such Participating Settlement

Class Members under the terms of this Stipulation. Employer taxes, including the employer FICA, FUTA, and SDI contributions, shall be paid by State Farm from the Total Maximum Settlement Fund.

26.    "Net Settlement Amount" or "NSA" refers to the funds that will be distributed to AEI employees ("Net Individual Settlement Payment") who are Participating Settlement Class Members under this Stipulation after payment of any Attorneys' Fees and Cost Awards, Service Awards, Claims Administration Costs, and after Seventy Five Percent (75%) of the Fifteen Thousand Dollars ($15,000.00) PAGA payment is paid to the California Labor Workforce Development Agency ("LWDA"), which equates to Eleven Thousand Two Hundred and Fifty Dollars ($11,250.00).  The Parties further agree, covenant, and represent that State Farm shall be required to pay only the Gross Settlement Amount of Five Million Dollars ($5,000,000.00).

27.    "Notice" means the Notice of Pendency and Settlement of Class Action: Settlement Hearing; and Claim, Consent, and Exclusion Procedures that the Court directs to be sent via regular mail to all Class Members (substantially in the form annexed hereto as **Exhibit 1**).

28.    "Notice Packet" means the packet that will be sent via regular mail to all Class Members and shall include the Notice, including objection, exclusion, and Claim Form procedures.

29.    "Notice Response Deadline" means the date forty-five (45) calendar days after all Notice Packets are mailed to Class Members by the Claims Administrator, and is synonymous with Claims/Objection/Exclusion Deadline Date, as defined in paragraph 8, *supra*.

30.    "PAGA Payment" means Fifteen Thousand Dollars ($15,000) of the Gross Settlement Amount constituting penalties pursuant to California's Private Attorneys General Act of 2004 (California Labor Code § 2699 *et seq*., or

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

"PAGA"), Seventy Five Percent (75%) of which Eleven Thousand Two Hundred and Fifty Dollars ($11,250.000) will be paid to the California LWDA pursuant to California Labor Code §2699(i).

31.    "Participating Settlement Class Member" means a Class Member who has returned a valid and timely Claim Form to receive his/her share of the Net Settlement Amount, or who is otherwise deemed to be a Participating Settlement Class Member pursuant to the terms and procedures set forth in this Agreement. The Parties further agree, covenant, and represent that this is a "claims made" settlement and only those Class Members who submit a timely and properly completed Claim Form in the manner described herein shall receive his/her share of the Net Settlement Amount.

32.    "Parties" means Defendant, the Named Plaintiff, and the Class Members.

33.    "Preliminary Approval Order" means the Order issued by the Court preliminarily approving the terms of the Settlement set forth in this Stipulation, in a form to be agreed upon by the Parties prior to the hearing on the Motion for Preliminary Approval.

34.    "Qualified Settlement Fund" shall be the fund established by the Claims Administrator pursuant to Internal Revenue Code Section 1.468B-1, after the Hearing on Preliminary Approval, into which the Total Maximum Settlement Fund shall be deposited within ten (10) business days following the Effective Date.

35.    "Released Claims" is defined as follows:  The Class Members shall fully and finally release and discharge the Defendant of all applicable California wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from or related to the claims litigated in the Action, and arising prior to the date of Preliminary Approval of this settlement, including without limitation statutory, constitutional, contractual

7

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or other relief under California Business & Professions Code § 17200, et seq., based on the following categories of allegations:  (a) all claims for unpaid overtime, regular, and minimum wages (including any and all claims for alleged failure to pay overtime, compensate Class Members for all hours worked, or properly calculate the regular rate); (b) all claims for the failure to promptly pay all wages due and owing at the time of an employee's termination or discharge; (c) all claims for the failure to issue properly itemized wage statements; (d) all related claims for Unfair Competition or Business Practices under California's Business and Professions Code or similar laws; (e) all claims for violations of Labor Code section 224; (f) all claims for any and all penalties pursuant to the Private Attorneys General Act of 2004 arising out of the aforementioned claims; and (g) all other claims that were or could have been asserted based on the facts alleged in the Action. Additionally, any Class Member who submits a Claim Form (and, in so doing, becomes a Participating Settlement Class Member) will be deemed to have opted into the action for purposes of the Fair Labor Standards Act and, as to those Participating Settlement Class Members, the Released Claims include any claims such Participating Settlement Class Members may have under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.  Only those Settlement Class Members who submit valid claim forms will be deemed to have opted into the action for purposes of the Fair Labor Standards Act and thereby released and waived any of their claims under the Fair Labor Standards Act.

The Released Claims include any claims as discussed herein that the Class Members do not know or suspect to exist in their favor at the time of the release that do arise, or could have arisen, out of the claims alleged in the Action, which, if known by them, might have affected their settlement with, and release of, the

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

Released Parties or might have affected their decision not to object to this Settlement.  With respect to the Released Claims, Class Members expressly waive all rights under Section 1542 of the California Civil Code.  Said Section reads as follows:

> **Section 1542.  [General Release – Claims Extinguished.]  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

36.     The Named Plaintiff Released Claims include any claims as discussed herein that the Named Plaintiff does not know or suspect to exist in his favor at the time of the release that do arise, or could have arisen, out of the claims alleged in the Action, which, if known by him, might have affected his settlement with, and release of, the Released Parties or might have affected his decision not to object to this Settlement.  With respect to the Released Claims, Named Plaintiff expressly waives all rights under Section 1542 of the California Civil Code.  Said Section reads as follows:

> **Section 1542.  [General Release – Claims Extinguished.]  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

37.     "Released Parties" means Defendant State Farm Mutual Automobile Insurance Company and its past, present, or future parents, subsidiaries and affiliated corporations, and their past, present, or future officers, directors, employees, partners, members, shareholders and agents, staffing agencies, joint employers, and any other successors, assigns or legal representatives.

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

38.     "Service Award" means the amount that the Court authorizes to be paid to the Named Plaintiff over and above his Individual Settlement Payment, in recognition of his efforts in assisting with the prosecution of the Action on behalf of the Class Members and in return for executing a General Release of all Claims against Defendant.  Named Plaintiff will request a Service Award up to Twenty Thousand Dollars ($20,000.00).  State Farm does not oppose any request for a Service Award.  Named Plaintiff will be issued an IRS Form 1099 in connection with his Service Awards.

39.     "Total Maximum Settlement Fund" is synonymous with the Gross Settlement Payment and means the total amount that State Farm may be required by this Stipulation to pay to Participating Settlement Class Members, Named Plaintiff, Plaintiff's Counsel, the Labor and Workforce Development Agency and any settlement administrator pursuant to the terms of this Stipulation.  The Total Maximum Settlement Fund is Five Million Dollars ($5,000,000.00) including employer share of taxes as set forth above.

## I.  RECITALS

This Stipulation is made by the Named Plaintiff on behalf of himself and each of the other Class Members, on the one hand, and the Defendant, on the other hand, in this Action, and is subject to the approval of the Superior Court.

## A.     CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

At or about the time that the Named Plaintiff files his motion for preliminary approval of this Settlement Agreement, the Named Plaintiff shall request certification of the class as hereinbefore defined in paragraph 9 for settlement purposes only.

Limitation on Effect of Certification.  The certification of the Class – for settlement purposes only – shall not constitute, in this or any other proceeding, an

10

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

admission of any kind by State Farm, including without limitation, that certification of a class for trial purposes is appropriate or proper or that Named Plaintiff could establish any of the requisite elements for class treatment of any of the claims in the Action.  In the event that the Settlement is not finally approved, or the Settlement is otherwise terminated or rendered null and void, the certification of the Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this Action or in any other actions are satisfied.  In such circumstances, State Farm expressly reserves all rights to challenge the Class certification for any purpose other than settlement purposes in this Action or in any other action on all available grounds as if no class had been certified for settlement purposes in the Action, and no reference to the prior certification of this class, or any documents related thereto, shall be made for any purpose.  Additionally, the Parties stipulate that to further the certification, and for no other purpose or effect, the Named Plaintiff is typical of other non-exempt AEI hourly employees and can represent this class.

## B.   <u>INVESTIGATION IN THE CLASS ACTION</u>

The Parties have conducted significant investigation of the facts and law during the prosecution of this Action.  Discovery and investigation included: the propounding of written discovery by both sides; the production of documents by Named Plaintiff, the production of data relevant to the Class Members' claims. Further, the Plaintiff noticed the depositions of State Farm's Person(s) Most Qualified on twenty-nine (29) topics, Ken Forrest, Estimatics Team Manager, and John A. Hubert Estimatics Section Manager.  The Defendant served a Request for Production of Documents, Set One on Plaintiff.  Plaintiff served Special Interrogatories, Set One and Request for Production of Documents, Set One, which included seventeen (17) requests.   Furthermore, there have been numerous

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

conferences between representatives of the Parties and one (1) full day-long mediation with Barry Winograd, Esq. on April 10, 2013.  The Plaintiff retained a damage expert to analyze Defendant's payroll documents and perform a damage analysis.  Mr. Winograd is an experienced mediator of wage-and-hour class actions.  Counsel for the Parties have investigated the law as applied to the facts discovered regarding the alleged claims of the Class Members and potential defenses thereto, and the damages claimed by Class Members.

### C.    BENEFITS OF SETTLEMENT TO CLASS MEMBERS

Named Plaintiff and Plaintiff's Counsel recognize the expense and length of continued proceedings necessary to litigate their disputes through trial and through any possible appeals.  Named Plaintiff has also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  Named Plaintiff and Plaintiff's Counsel are also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, both generally and in response to State Farm's defenses thereto (many of which have been shared at the mediation and in settlement discussions).  Named Plaintiff and Plaintiff's Counsel have also taken into account the extensive settlement negotiations conducted.  Named Plaintiff and Plaintiff's Counsel have also taken into account State Farm's agreement to enter into a settlement that confers substantial relief upon the Class Members.  Based on the foregoing, Named Plaintiff and Plaintiff's Counsel have determined that the Settlement set forth in this Agreement is a fair, adequate and a reasonable settlement, and is in the best interests of the Class.

### D.    STATE FARM REASONS FOR SETTLEMENT

State Farm has concluded that any further defense of this litigation would be protracted and expensive for all Parties.  Substantial amounts of time, energy and resources of State Farm have been and, unless this Settlement is made, will

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

continue to be devoted to the defense of the Claims asserted by the Classes. State Farm has also taken into account the risks of further litigation in reaching its decision to enter into this Settlement. State Farm has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the Claims as set forth in the Action.

### E.   **STATE FARM DENIALS OF WRONGDOING**

State Farm has denied and continues to deny each of the Claims and contentions alleged in the Actions. State Farm has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. State Farm also has denied and continues to deny, *inter alia*, the allegations that the Named Plaintiff and the Class have suffered damage; that State Farm violated the laws regarding overtime, regular, and minimum wage compensation; that State Farm failed to comply with the law with respect to itemized wage statements; that State Farm engaged in any unlawful, unfair or fraudulent business practices; that State Farm engaged in any wrongful conduct as alleged in the Action; or that the Named Plaintiff was harmed by the conduct alleged in the Action. Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, is, may be construed as, or may be used as an admission, concession or indication by or against State Farm of any fault, wrongdoing or liability whatsoever.

### F.   **PLAINTIFF'S CLAIMS**

The Named Plaintiff has claimed and continues to claim that the Released Claims have merit and give rise to liability on the part of State Farm. This Agreement is a compromise of disputed claims. Nothing contained in this Agreement and no documents referred to herein and no action taken to carry out

13

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

this Agreement may be construed or used as an admission by or against the Named Plaintiff or Class Counsel as to the merits or lack thereof of the Claims asserted.

# I.  STIPULATION AND AGREEMENT

***NOW, THEREFORE, IT IS HEREBY STIPULATED***, by and among the Named Plaintiff on behalf of the Class Members on the one hand, and Defendant on the other hand, and subject to the approval of the United States District Court – Central District of California, that the Action is hereby being compromised and settled pursuant to the terms and conditions set forth in this Agreement and that upon the Effective Date, and the payment by State Farm of all monies due under the Agreement, the Parties shall file a Satisfaction of Judgment with the Court, subject to the continuing jurisdiction of the United States District Court – Central District of California, as set forth below, subject to the definitions and recitals set forth hereinabove which by this reference become an integral part of this Agreement and subject to the following terms and conditions:

    1.   <u>Full Investigation</u>.  Named Plaintiff and Plaintiff's Counsel have fully investigated the factual and legal bases for the causes of action asserted in the Action.

    2.   <u>Release As To All Class Members</u>.  As for the class period as defined in paragraph 9, *supra*, the Class Members, including the Named Plaintiff, release the Released Parties from the Released Claims.

With respect to the Released Claims, Class Members expressly waive all rights under Section 1542 of the California Civil Code.  Said Section reads as follows:

**Section 1542.  [General Release – Claims Extinguished.]  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims asserted in the Complaint, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims asserted in the Complaint, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Members agree not to sue or otherwise make a claim against any of the Released Parties for the Released Claims.

3. <u>General Release By Named Plaintiff Only</u>.  In addition to the releases made by the Class Members as set forth in Section I, paragraph 2 hereof, Named Plaintiff, in exchange for the Service Award as requested or as otherwise authorized by the Court, will, as of the Effective Date, make the additional following General Release of all Claims, known or unknown, in exchange and consideration of the sums set forth in paragraph 38.  Named Plaintiff agrees to the General Release of the Released Parties.  Named Plaintiff also agrees to release all wage and hour Claims, including, but not limited to, overtime wages, meal and rest period sanctions, penalties under the Private Attorneys General Act and all other Released Claims.  Also, without limiting the generality of the foregoing: NAMED PLAINTIFF ALSO SPECIFICALLY AGREES AND ACKNOWLEDGES WAIVER OF ANY RIGHT TO RECOVERY BASED ON STATE OR FEDERAL AGE, SEX, GENDER, CITIZENSHIP, PREGNANCY, RACE, COLOR, NATIONAL ORIGIN, MARITAL STATUS, RELIGION, VETERAN

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

STATUS, DISABILITY, SEXUAL ORIENTATION, MEDICAL CONDITION OR OTHER ANTI-DISCRIMINATION LAWS, INCLUDING, WITHOUT LIMITATION, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AMERICANS WITH DISABILITIES ACT AND THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, OR BASED ON THE FAMILY AND MEDICAL LEAVE ACT, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT, THE WORKER ADJUSTMENT AND RETRAINING ACT, THE FAIR LABOR STANDARDS ACT AND THE CALIFORNIA LABOR CODE, ALL AS AMENDED, WHETHER SUCH CLAIM BE BASED UPON AN ACTION FILED BY EMPLOYEES OR BY A GOVERNMENTAL AGENCY.

The General Release includes any unknown Claims that Named Plaintiff does not know or suspect to exist in their favor at the time of the General Release, which, if known by each of them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement or the General Release.

With respect to the General Release, Named Plaintiff stipulates and agrees that, upon the Effective Date, Named Plaintiff shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

16

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

Named Plaintiff may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the General Release, but Named Plaintiff upon the Effective Date shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

4.   <u>Service Award</u>.  Subject to Court approval, in exchange for the release of all Released Claims and for his time and effort in bringing and prosecuting this matter, Named Plaintiff shall be paid up to a total of Twenty Thousand Dollars ($20,000.00), or such other distribution or lower amount as the Court may order. The Service Award for Named Plaintiff for acting as class representatives and for his general release in this matter is Twenty Thousand Dollars ($20,000.00), unless otherwise determined by the Court.  This payment is expressly made in return for a General Release of all employment Claims of Named Plaintiff against Defendant. The parties agree that $10,000 of the $20,000 is for Named Plaintiff's service award as a class representative and that the General Release is valued at $10,000. This time and effort payment shall be paid to the Named Plaintiff by the Claims Administrator no later than ten (10) business days after State Farm delivers the Total Maximum Settlement to the Claims Administrator for deposit into the Qualified Settlement Fund.  Such payment shall be made solely from the Total Maximum Settlement Fund.  The Parties agree that a decision by the Court to award Named Plaintiff an amount less than the amount stated above shall not be a

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

basis for Class Counsel to void this Stipulation.  The Claims Administrator shall issue a Form 1099 – MISC, Box 3 for the Service Awards.  Any amount awarded for service payments to the Named Plaintiff less than the requested amounts will result in the non-awarded funds to be awarded to settlement class members who have filed valid and timely claim forms in this matter on a proportionate basis to the amount of their individual settlement award.  The Named Plaintiff shall be solely and legally responsible to pay any and all applicable taxes on this payment and shall hold harmless Defendant from any claim or liability for taxes, penalties or interest arising as a result of the payment.  These time and effort and general release payments shall be in addition to the Named Plaintiff's share of the Settlement Amount as a Participating Class Member.

5.     Tax Liability.  State Farm makes no representations as to the tax treatment or legal effect of the payments called for hereunder, and Named Plaintiff is not relying on any statement or representation by State Farm in this regard.  Named Plaintiff understands and agrees that Named Plaintiff will be solely responsible for the payment of any taxes and penalties assessed on the payments described herein and will defend, indemnify, and hold State Farm free and harmless from and against any claims resulting from treatment of such payments as non-taxable damages, including the treatment of such payment as not subject to withholding or deduction for payroll and employment taxes.

6.     CIRCULAR 230 DISCLAIMER.  EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY
SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE
CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE
MEANING OF UNITED STATES TREASURY DEPARTMENT
CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE
ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS,
HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR
ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS
AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED
UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY
ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT
ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY
ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY
TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING
PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY
HAS IMPOSED ANY LIMITATION THAT PROTECTS THE
CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX
STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS
LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING
PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY
TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY
THIS AGREEMENT.

      7.    Creation Of The Qualified Settlement Fund And Administration Of
The Settlement.  Within ten (10) business days after the Effective Date, State Farm
shall deliver the settlement funds as required by this Stipulation (not to exceed the
Total Maximum Settlement Fund) into the Qualified Settlement Fund created by
the Claims Administrator.  The Five Million Dollars ($5,000,000) Total Maximum

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

Settlement Fund payment that State Farm is required to pay, and will deliver into the Qualified Settlement Fund, includes State Farm's share of taxes, including the employer's portion of payroll taxes, including but not limited to, FICA, FUTA and SDI contributions, as set forth above in paragraphs 23 and 25.  In addition to the employer's portion of payroll taxes, payments from the Qualified Settlement Fund shall be made (1) for Service Awards to the Named Plaintiff, as specified in this Agreement and approved by the Court; (2) Attorney's Fees and Cost Award paid to Class Counsel, as specified in this Agreement and approved by the Court; (3) the Claims Administration Costs; and (4) the amount allocated to PAGA penalties to be paid to the California Labor Workforce and Development Agency.  The balance remaining shall constitute the Net Settlement Amount from which Net Individual Settlement Payment shall be made to the Participating Class Members, less applicable taxes.

       8.    <u>Attorneys' Fees And Cost Award</u>.  State Farm agrees not to oppose or impede any application or motion by Class Counsel for attorneys' fees not in excess of One Million Five Hundred Thousand Dollars ($1,500,000.00), or Thirty (30%) percent of the Settlement Fund.  State Farm further agrees not to oppose any application or motion by Class Counsel for the reimbursement of any costs associated with Class Counsel's prosecution of this matter not in excess of Fifteen Thousand  ($15,000.00).  Any amount awarded for attorneys' fees and costs to Class Counsel less than One Million Five Hundred Thousand Dollars ($1,500,000.00) and Fifteen Thousand Dollars ($15,000.00), respectively, will result in the non-awarded amounts to be awarded to Participating Settlement Class Members who have filed valid and timely claim forms and have not opted out of the settlement in this matter on a proportionate basis to the amount of their individual settlement wards.  So long as there are no objections, Class Counsel shall be paid any Court-approved fees and costs no later than ten (10) business

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

days after State Farm delivers the Total Maximum Settlement to the Claims Administrator for deposit into the Qualified Settlement Fund.  Class Counsel further agrees that Class Counsel shall be solely responsible for any allocation of the Fees and Costs Award between or among any other attorneys who have claims for such fees.  Class Counsel shall be solely and legally responsible to pay all applicable taxes on the payment made pursuant to this paragraph.  Forms 1099 – MISC, Box 14 shall be provided to Class Counsel for the payments made pursuant to this paragraph.

The Parties hereby agree that the attorneys for plaintiff will share in the attorneys' fees in the following percentages:  The LAW OFFICE OF JOSEPH ANTONELLI will receive Seventy-Five Percent (75%) of the total attorney fee awarded by the Court and CONFORTI & CARRAS, APC will receive Twenty-Five Percent (25%) of the total attorneys' fees awarded by the court.

9.  <u>Claims Administrator</u>.  The Claims Administrator shall be paid for the costs of administration of the Settlement out of the Total Maximum Settlement Amount as deposited in the Qualified Settlement Fund.  The estimate of such costs of administration for the disbursement of the Total Maximum Settlement Amount is Twenty-Five Thousand Dollars ($25,000.00).  Any amount awarded for costs of administration to Rust Consulting, Inc., less than Twenty-Five Thousand Dollars ($25,000.00), will result in the non-awarded amount to be awarded to Settlement Class Members who have filed valid and timely claim forms and have not opted out of the settlement in this matter in a proportionate basis to the amount of their individual settlement award.  This estimate includes all tasks required of the Claims Administrator by this Agreement including the issuance of the Notice, claim form, and reminder postcard, the required tax reporting on the settlement amounts, including the issuing of W2 and 1099 forms (if any), as well as calculation of employee withholding taxes and the employer payroll taxes.

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

Ten (10) court days prior to the Final Approval Hearing, the Claims Administrator shall provide the Court and all counsel for the Parties with a statement detailing the costs of administration of the Total Maximum Settlement Fund and the breakdown of the Total Maximum Settlement Fund.  A Form 1099 – MISC, Box 7 shall be issued to the Claims Administrator.

10.  <u>Preliminary Settlement Hearing</u>.  As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement:

a. Plaintiff shall request a hearing before the United States District Court – Central District of California to request preliminary approval of the Settlement and to request the entry of the Preliminary Approval Order.

b. Simultaneous with the filing of the Stipulation and Settlement of Class Action Agreement, and solely for purposes of this Settlement, Named Plaintiff will request the Court to enter the Preliminary Approval Order, preliminarily approving the proposed Settlement, conditionally certifying the classes and setting a date for a Final Approval Hearing.

c. In conjunction with this hearing, Named Plaintiff will submit this Stipulation and Settlement of Class Action Agreement, which sets forth the terms of this Settlement Agreement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement.  The Order shall provide for Notice of the Settlement and related matters to be sent to Class Members as specified herein.

11.  <u>Settlement Administration/Management</u>.  The Individual Settlement Payments shall be managed and administered as follows:

a.  State Farm shall have no obligation to segregate the funds to be used to make the Individual Settlement Payments or taxes from its other assets. State Farm will retain exclusive authority over, and responsibility for, those funds.

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

b.  Rust Consulting, Inc., or such other entity upon whom the Parties mutually agree, shall be retained to serve as Claims Administrator.  The Parties each represent they do not have any financial interest in the Claims Administrator or otherwise have a relationship with the Claims Administrator that could create a conflict of interest.

c.  State Farm shall provide the Claims Administrator and Law Office of Joseph Antonelli the Class List and Data Report within ten (10) business days of Preliminary Approval of the Settlement.

d.  Within fifteen (15) business days of receipt of the Class List and Data Report, the Claims Administrator shall mail the Notice Packet to each Class Member in accordance with paragraph (4)(i) *infra*.

e.  All Class Members will be eligible to submit a claim for an Individual Settlement Payment using the applicable Claim Form.  Class Members who submit the applicable Claim Form in compliance with paragraphs 14(d), *infra* will be Participating Settlement Class Members.

f.  No later than fifteen (15) calendar days before the Claim/Objection/Exclusion Deadline Date, the Claims Administrator shall send a reminder postcard to all Class Members who have not yet filed the applicable Claim Form, Request for Exclusion, or objection.   State Farm agrees to encourage class members to make claims, including sending out its own reminder letter to class members, ten (10) days before the Claims/Objection/Exclusion Deadline ("State Farm Reminder Letter").  State Farm agrees to present Class Counsel the State Farm Reminder Letter at least ten (10) days before it is mailed and then, once mailed, to notify Class Counsel of the date on which the State Farm Reminder Letters were mailed.  The State Farm Reminder Letter will be sent to all Class Members who have not filed a claim.

23

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

g.   Fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall provide State Farm and Law Office of Joseph Antonelli a report showing:  (i) the names and number of Class Members who have objected to or requested exclusion from the Settlement; (ii) the names of the Class Members who have timely filed fully completed Claim Forms (*i.e.*, Participating Class Members); and (iii) the amount owed to each Participating Class Member.

h.   The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

i.   The Claims Administrator shall be responsible for:  printing and mailing the Notices and the Claim Forms and Reminder Postcards to Class Members as directed by the Court; receiving and reporting the objections/requests for exclusion and Claim Forms submitted by Class Members; mailing Individual Settlement Payments to Participating Settlement Class Members; mailing the payment to the Labor Workforce Development Agency; and other tasks as the Parties mutually agree or the Court orders the Claims Administrator to perform (including the calculation and remittance of employer taxes).  The Claims Administrator shall keep State Farm, Defendant's Counsel and Plaintiff's Counsel timely apprised of the performance of all Claims Administrator responsibilities.

j.   The Claims Administrator, on State Farm's behalf, shall have the authority and obligation to make payments, credits and disbursements, including payments and credits in the manner set forth herein, to Participating Settlement Class Members calculated in accordance with the methodology set out in this Agreement and orders of the Court.

k.   Any tax return filing required by this Agreement shall be made by the Claims Administrator.  Any expenses incurred in connection with such filing shall be a cost of administration of the Settlement.

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

l.   No person shall have any claim against State Farm or Defendant's Counsel, the Named Plaintiff, Class Members, the Class, Class Counsel or the Claims Administrator based on distributions and payments made in accordance with this Agreement.

12.   <u>Calculation Of Gross And Net Individual Settlement Payments</u>.  To determine the Gross and Net Individual Settlement Payments, the Claims Administrator will:

a.   Determine the Total Gross Wages, as defined by pertinent pay codes as agreed upon by the Parties, paid to State Farm AEI Non-Exempt Employees during the Class Period ("Total Gross Wages") as provided in the Class List and Data Report.

b.   Determine the portion of the Total Gross Wages paid to each State Farm AEI Non-Exempt Employee during the Class Period ("Individual Gross Wages") as provided in the Class List and Data Report.

c.   Use each State Farm AEI Non-Exempt Employee's Individual Gross Wages to determine what percent of the Total Gross Wages was earned by each State Farm AEI Non-Exempt Employee during the applicable Class Period ("Gross Wages Percentage Value").

d.   State Farm AEI Non-Exempt Employees will have the opportunity, should they disagree with State Farm records, to provide documentation and/or an explanation to show contrary evidence of their Individual Gross Wages during the Class Period.  If there is a dispute or contrary evidence, the Claims Administrator will consult with the Parties to determine whether an adjustment is warranted.  The Claims Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Settlement Agreement. Any disputes (including those concerning the Gross Individual Settlement Amount of each State Farm AEI Non-Exempt Employees) not resolved by the Claims

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

Administrator concerning the administration of the Settlement will be resolved by the Court, venue in United States District Court, Los Angeles, California, under the laws of the State of California.  Prior to any such involvement of the Court, counsel for the Parties will confer in good faith to resolve the dispute without the necessity of involving the Court.

e.  Each State Farm AEI Non-Exempt Employee will be entitled to a percentage of the Net Settlement Amount that is equivalent to his/her Gross Wages Percentage Value ("Gross Individual Settlement Payment"), as described herein.

i        State Farm shall provide AEI Non-Exempt Employees, on a claims-made basis, monetary compensation in the maximum total amount of Five Million Dollars ($5,000,000), less amounts Attorneys' Fees and Costs Awards, Service Awards, Claims Administration Costs, Employer's Share of employment taxes the Net Settlement Amount, the Seventy-Five Percent (75%) of the $15,000.00 Civil Penalty Payment, Twenty Thousand Dollars ($20,000.00), and enhancement payments to the Named Plaintiff (the "Net Settlement Amount" or "NSA").

i        The NSA shall be divided as follows: (1) State Farm AEI Non-Exempt Employees employed from December 23, 2007 to December 24, 2011 will receive Ninety-Eight Percent (98%) of the NSA (Time Period 1); and (2) State Farm AEI Non-Exempt Employees employed from December 25, 2011 to May 31, 2013 will receive Two Percent (2%) of the NSA (Time Period 2.)  Each State Farm AEI Non-Exempt Employee will be entitled to a percentage of his/her respective portion that is the equivalent of his/her Gross Wages Percentage Value.

i        If the calculation described above results in a calculated payment to a State Farm AEI Non-Exempt Employee of less than Fifty Dollars ($50), that State Farm AEI Non-Exempt Employee's payment will be increased to Fifty

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

Dollars ($50).  State Farm AEI Non-Exempt Employees will receive a minimum payment of Fifty ($50), so long as such payment will not increase the overall Net Settlement Amount.  If payments pursuant to this paragraph would require an increase in the overall Net Settlement Amount, no increase will be made and each State Farm AEI Non-Exempt Employee will receive an amount equal to the original result of his/her calculated payment, even if that result is less than Fifty Dollars ($50).

　　　　f.   The Net Settlement Amount shall include the State Farm AEI Non-Exempt Employees' share of the PAGA Payments remaining after three quarters of the payment is made to the California Labor Workforce Development Agency. From each State Farm AEI Non-Exempt Employee's Gross Individual Settlement Payment the Parties shall apportion Forty Percent (40%) to wages ("Wage Component") and Sixty Percent (60%) to interest and penalties.  The portion of each State Farm AEI Non-Exempt Employee's Gross Individual Settlement Payment that constitutes the Wage Component will be reduced by any required legal deductions for each State Farm AEI Non-Exempt Employee.  Standard employer and employee payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Participating Class Members as a result of the Wage Component, resulting in a "Net Wage Component."  The Claims Administrator will issue one (1) check and W-2 Form to each Class member for the Wage Component and the interest and penalty portion of the Gross Individual Settlement Payment.  The Claims Administrator will detail the gross award and how it breaks down into a wage and penalty portion and provide a net payment for both.  The Claims Administrator along with the check will provide a separate document which is broken down into quarters and it includes the following: A detailed breakdown of the payment, tax withholding, and why they are receiving the check; a W-2; a 1099; and a

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

perforated check at the bottom.

g.   No withholding shall be made on the interest and penalty portion of the Gross Individual Settlement Payment.  The Claims Administrator will issue an IRS Form 1099 for the remaining interest and penalty component.

h.   The Net Wage Component shall be added to the penalties and interest component, resulting in the Net Individual Settlement Payment.

i.   Any and all amounts remaining in the Net Individual Settlement Amount that were not claimed by State Farm AEI Non-Exempt Employees through the claims process shall be distributed to the State Farm AEI Non-Exempt Employees who are Participating Settlement Class Members on a pro rata basis and thereby proportionally increasing the Individual Settlement Payments to the State Farm AEI Non-Exempt Employees who are Participating Settlement Class Members based upon their Gross Wages Percentage Value.

j.   The Claims Administrator shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes.

13.        Notice To Class Members.  Notice of the Settlement shall be provided to all Class Members using the following procedures:

a.   Notice By First-Class Mail.  Within fifteen (15) business days after receipt of the Class List and Data, the Claims Administrator shall mail the Notice Packet to the Class Members via first-class regular U.S. mail.  Prior to mailing, the Claims Administrator will perform a search based on the National Change of Address Database information to update and correct for any known or identifiable address changes.  If a new address is obtained by a way of a returned Notice Packet, then the Claims Administrator shall promptly forward the original Notice Packet to the updated address via first-class regular U.S. mail indicating on the original Notice Packet the date of such re-mailing.

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      b.  <u>Claims/Objection/Exclusion Deadline Date</u>:  Class Members will have forty five (45) calendar days from the mailing of the Notice Packet to submit their valid signed Claim Form, or to submit an objection and/or request for exclusion from the Settlement Class.

      c.  <u>Reminder Post Card</u>.  No later than fifteen (15) calendar days before the Claims/Objection/Exclusion Deadline Date, the Claims Administrator shall send a reminder postcard to all Class Members who have not yet filed a Claim Form or objection.

      d.  <u>Procedure For Undeliverable Notices and Claim Forms</u>.  Any Notices returned to the Claims Administrator as non-delivered on or before the Claims/Objection/Exclusion Deadline Date shall be sent to the forwarding address affixed thereto within five (5) business days.  If no forwarding address is provided, then the Claims Administrator shall promptly attempt to determine a correct address using a single skip-trace, computer or other search using the name and address of the individual involved, and shall then perform a single re-mailing within five (5) business days.  Those Class Members that receive a re-mailed Notice shall have their deadline for submitting a Claim Form or an objection to the Settlement extended fifteen (15) days from the post mark date of re-mailing.  In the event the procedures in this paragraph are followed and the intended recipient of a Notice still does not receive the Notice, the Class Member shall be bound by all terms of the Settlement and any Final Judgment entered by the Court if the Settlement is approved by the Court.  The Claims Administrator shall not re-mail any Reminder Post Cards returned as undeliverable.

      e.  Within fourteen (14) calendar days of the Final Approval Hearing, the Claims Administrator shall provide State Farm and Law Office of Joseph Antonelli a report showing:  (i) the names and number of Class Members who have submitted timely and valid claim forms; (ii) the names and telephone numbers of

29

<b>STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS</b>

the Class Members objecting to or requesting exclusion from the Settlement; (iii) the names and contact information of the Class Members who have submitted a completed Claim Forms, objection, or requested exclusion from the settlement; and (iv) the amount owed to each Participating Class Member.

14. <u>Procedure For Objecting To/Requesting Exclusion From The Class Action Settlement</u>. The Class Members shall submit objections to the Settlement and/or request exclusion from the Settlement, using the following procedures:

a. <u>Procedure For Objecting</u>. The Notice shall provide that those Class Members who wish to object to the Settlement must mail a written statement of objection ("Notice of Objection") to the Claims Administrator, all Class Counsel and Defendant's Counsel no later than the Claims/Objection/Exclusion Deadline Date. The postmark date of the mailing shall be deemed the exclusive means for determining that a Notice of Objection is timely. The Notice of Objection must contain a statement of the Class Member's objections, a statement advising if the objecting Class Member plans to address the Court at the Settlement Fairness Hearing, and any legal briefs, papers or memoranda the objecting Class Member proposes to submit to the Court. Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement. No later than fourteen (14) calendar days before the Settlement Fairness Hearing, the Claims Administrator shall provide counsel for the Parties with complete copies of all objections received, including the postmark dates for each objection. Class Members who submit a timely Notice of Objection as specified above will have a right to appear at the Settlement Fairness Hearing in order to have their objections heard by the Court.

b. <u>Procedure For Requesting Exclusion</u>. The Notice shall provide that Class Members who wish to exclude themselves from the Class must submit a

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

written request to be excluded from the Class on or before the Claims/Objection/Exclusion Deadline Date.  Such request for exclusion:  (1) must contain the name, address, telephone number and the last four digits of the Social Security number of the person requesting exclusion; (2) must be returned by mail to the Claims Administrator at the specified address; (3) and must be postmarked on or before the Claims/Objection/Exclusion Deadline Date.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Any Class Member who requests an exclusion from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.  Class Members who fail to submit valid and timely requests for exclusion on or before the Objection/Exclusion Deadline Date shall be Class Members and shall be bound by all terms of the Settlement and any Final Judgment entered in this Class Action if the Settlement is approved by the Superior Court.  No later than fourteen (14) calendar days before the Settlement Fairness Hearing, the Claims Administrator shall provide counsel for the Parties with a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage members of the Settlement Class to submit requests for exclusion from the Settlement.

       c.  <u>No Solicitation Of Settlement Objections</u>.  The Parties agree to use their best efforts to carry out the terms of this Settlement.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or appeal from the Order and Final Judgment.

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

        d.  <u>Procedure For Submission Of Claim Form</u>.  The Class Members shall submit claims for Individual Settlement Payments, using the following procedures:

        (1)    Class Members may only receive an Individual Settlement Payment if they timely and validly submit a Claim Form, or submit a Claim Form consistent with the cure provisions for defective claims set forth in paragraph 14(d)(4) *infra* and, in so doing, become Participating Settlement Class Members.

        (2)    The Claim Form shall include instructions on how to submit the form, and shall notify Plaintiffs of the Claims/Objection/Exclusion Deadline Date. The date of the postmark on the return envelope shall be the exclusive means used to determine whether a Settlement Class Member has "timely" returned his/her Claim Form on or before the Claims/Objection Deadline Date.  Claim Forms received by the Claims Administrator that have been postmarked after the Claims/Objection/Exclusion Deadline Date shall be paid only if they are otherwise valid and if the Parties so agree.

        (3)    For purposes of this Agreement, a Claim Form shall be deemed "valid" only if:  (a) the Class Member has provided on the Claim Form his or her name and the last four digits of his or her Social Security number; (b) the Class Member has dated and signed the Claim Form; and (c) the name and the last four digits of the Social Security number provided by the Class Member on the Claim Form match State Farm records.  The name and last four digits of the Social Security number provided by the Class Member will be deemed to match State Farm records only if:  both the first name and the last name and the last four digits of the Social Security number provided by the Class Member match State Farm records; or the first name and the last four digits of the Social Security number provided by the Class Member match State Farm records and it appears the last

32

name has been changed as a result of a change in marital status or other legal name change.

(4)     State Farm will provide the Claims Administrator with the Social Security Numbers of Class Members who have authorized State Farm to disclose their Social Security Numbers by submitting valid Claim Forms.

(5)     If a Class Member's Claim Form is defective as to any of these three requirements, the Class Member shall still be a Class Member and shall be given an opportunity to cure the defect(s).  Any such Claim Form shall be returned to the Class Member after no later than five (5) business days, with a letter advising that the claim is defective and must be cured to become valid information regarding the defect(s) ("Cure Letter").  The language of the Cure Letter will be agreed upon by the Parties prior to mailing.  The Cure Letter shall state that the Class Member has ten (10) days from the date of the Cure Letter or until the submission deadline, whichever date is later, to postmark a revised claim.  If the revised Claim Form is not postmarked within the allotted time period, it shall be deemed untimely and shall be paid only if it is otherwise valid and as the Parties so agree.  If a Class Member responds to a Cure Letter by filing a second defective claim, then the Claims Administrator shall have no further obligation to give notice of a need to cure.  Such defective claims will be considered invalid and Class Members will have no right to cure them.  Although Class Members who do not submit a valid and timely Claim Form may not receive an Individual Settlement Payment, such persons shall nonetheless be bound by all terms of the Settlement and any Final Judgment entered in these Actions if the Settlement is approved by the Court.

/////

/////

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

15.    Procedure For Payment Of Individual Settlement Payments:

a.  All Class Members who submit a valid and timely Claim Form will receive an Individual Settlement Payment from State Farm distributed through the Claims Administrator.

b.  Individual Settlement Payments for Class Members shall be paid pursuant to the settlement formula set forth herein, and shall be mailed within fifteen (15) calendar days after State Farm delivers the Total Maximum Settlement to the Claims Administrator for deposit into the Qualified Settlement Fund.

c.  Should any question arise regarding the determination of eligibility for, or the amounts of, any Individual Settlement Payment under the terms of this Agreement, Class Counsel and Defendant's Counsel shall meet and confer in an attempt to reach agreement.  If they cannot agree, the Claims Administrator shall make the final determination, and that determination shall be conclusive, final and binding on all Parties, including all Class Members.

d.  Any checks paid to members of the Settlement Class shall remain valid and negotiable for one hundred and eighty (180) days from the date of their issuance and may thereafter automatically be cancelled if not cashed by the Participating Settlement Class Member within that time.  If so cancelled, the Participating Settlement Class member's claim will be deemed void and the funds shall go to the State of California, California Department of Industrial Relations Unpaid Wage Fund, in the claimants' names to be held as unclaimed property for the benefit of the Participating Settlement Class Member.  At the conclusion of the 180-day check cashing period, the Claims Administrator shall inform the Parties regarding the status of any uncashed checks, including the amount and identity of the Participating Settlement Class Member.  The class member can contact the California Department of Industrial Relations and make a claim to obtain their voided settlement amount. The California Department of Industrial Relations who

34

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

works in conjunction with the State Controller's office and can be contacted through http://www.dir.ca.gov/dlse/DistrictOffices.htm, (415) 703-4810 San Francisco, CA – headquarters.

16. <u>Claims Deemed Waived</u>.  Any Class Member who does not submit a Claim Form and who does not request exclusion is deemed to have no claim for an Individual Settlement Payment with respect to any Released Claims.

17. <u>Option To Terminate Settlement</u>.  If State Farm AEI employees who otherwise would be Class Members have filed with the court timely objections or requests for exclusion from the Class according to the terms of this Agreement, and the number of such individuals is greater than ten percent (10%) of all AEI employees, State Farm shall have, in its sole discretion, the option to terminate this Settlement.

18. <u>Certification By Claims Administrator</u>.  Upon completion of administration of the distributions, the Claims Administrator shall provide written certification of such completion to the Court and counsel for all Parties.

19. <u>Final Settlement Approval Hearing And Entry Of Final Judgment</u>. Upon expiration of the Claims/Objection/Exclusion Deadline Date, with the Court's permission, a Final Fairness Hearing shall be conducted to determine final approval of the Settlement along with the amount properly payable for (i) reasonable attorneys' fees and costs, (ii) any Service Awards, and (iii) cost of administration.  The Final Fairness Hearing shall not be held earlier than thirty (30) calendar days from Claims/Objection/Exclusion Deadline Date.  Upon final approval of the Settlement by the Court, the Parties shall present the Final Judgment to the Court for its approval.  After entry of the Final Judgment, the Court shall have continuing jurisdiction solely for purposes of addressing:  (i) the interpretation and enforcement of the terms of the Settlement; (ii) Settlement

35

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

administration matters; and (iii) such post-Final Judgment matters as may be appropriate under court rules or as set forth in this Agreement.

20.   <u>Nullification Of Settlement Agreement</u>.  In the event:  (i) the Court does not enter the Order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter a Final Judgment as provided herein, which becomes final as a result of the occurrence of the Effective Date; (iv) State Farm elects to terminate the Settlement as set forth herein; or (v) the Settlement does not become final for any other reason, this Settlement Agreement <u>shall be null and void</u> and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void from the beginning.  In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Claims Administrator shall be paid in equal parts by Named Plaintiff and State Farm.  In the event an appeal is filed from the United States District Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review, but any fees incurred by the Claims Administrator prior to it being notified of the filing of an appeal from the United States District Court's Final Judgment, or any other appellate review, shall be paid in equal parts by Named Plaintiff and State Farm to the Claims Administrator within thirty (30) days of said notification.

21.   <u>No Effect On Employee Benefits</u>.  The Gross Individual Settlement Payments, Individual Settlement Payments and Service Awards to Named Plaintiff or other Class Members shall be deemed not to be pensionable earning and shall not have any effect on the eligibility for, or calculation of, any of the employee

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

benefits (*e.g.*, vacations, holiday pay, retirement plans, etc.) of the respective Named Plaintiff or Class Members.  The Parties agree that any Settlement Awards to Settlement Class Members under the terms of this Agreement do not represent any modification of the Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by State Farm.  Further, any Gross Individual Settlement Payment, Individual Settlement Payment, or Service Awards hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by State Farm.  Neither Defendant nor Plaintiff are opining on the terms of any such Plan, each of which speaks for itself.

22.   Publicity.  Neither the Named Plaintiff nor Class Counsel shall issue any press release related in any way to the Settlement.  The Named Plaintiff and Class Counsel agree that, prior to preliminary approval of the Settlement, they will keep the terms of this Settlement confidential except for purposes of communicating with the Named Plaintiff and Class Members.  The Named Plaintiff and Class Members shall be informed that the Settlement is confidential and shall be advised to keep the Settlement confidential.  From and after preliminary approval of the settlement, the Class Members (including the Named Plaintiff and Class Counsel) may: (1) as required by law; (2) as required under the terms of the Settlement; or (3) as required under counsel's duties and responsibilities as Class Counsel, comment regarding the specific terms of the Settlement.  In all other cases, Named Plaintiff and Class Counsel agree to limit their statements regarding the terms of the Settlement, whether oral, written or electronic (including the World Wide Web), to say the Class Action has been resolved and that the Named Plaintiff and Class Counsel are satisfied with the Settlement terms.  Nothing in this paragraph is intended to interfere with Class Counsel's duties and obligations to faithfully

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

discharge their duties as Class Counsel, including but not limited to answering questions from Class Members, or to interfere with Class Counsel's practice of posting the Class Notice on their website.

23.   <u>Dispute Resolution</u>.  Except as otherwise set forth herein, all disputes concerning the interpretation, calculation or payment of settlement claims, or other disputes regarding compliance with this Agreement shall be resolved as follows:

a.  If the Named Plaintiff or Class Counsel, on behalf of the Named Plaintiff or any Settlement Class Member, or the Defendant at any time believes that the other Party has breached or acted contrary to the Agreement, that Party shall notify the other Party in writing of the alleged violation.

b.  Upon receiving notice of the alleged violation or dispute, the responding Party shall have ten (10) calendar days to correct the alleged violation and/or respond to the initiating Party with the reasons why the Party disputes all or part of the allegation.

c.  If the response does not address the alleged violation to the initiating Party's satisfaction, the Parties shall negotiate in good faith for up to ten (10) calendar days to resolve their differences.

d.  If Class Counsel and Defendant are unable to resolve their differences after twenty (20) calendar days, either Party may file an appropriate motion for enforcement with the Court.  The briefing of such motion should be in letter brief form and shall not exceed five (5) single-spaced pages (excluding exhibits).

e.  Reasonable attorneys' fees and costs for work done in resolving a dispute under this Section may be recovered by any Party that prevails under the standards set forth within the meaning of applicable law.

24.   <u>No Retaliation</u>.  State Farm shall not take any adverse action against any Class Member because of the existence of, and/or participation in, the Settlement,

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

or because they choose to benefit from the Settlement or to object to the Settlement.  State Farm shall not take action to discourage Class Members from participating in the Settlement.  Notice to the Class Members will include a statement that State Farm will not retaliate against Class Members for participating in the Settlement. Further as stated *supra*, State Farm will take action to encourage Class Members to file a claim by sending a reminder letter to each Class Members pursuant to the terms set forth herein.

25.  <u>Exhibits And Headings</u>.  The terms of this Agreement include the terms set forth in any attached **Exhibits 1 and 2**, which are incorporated by this reference as though fully set forth herein.  Any exhibits to this Agreement are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

26.  <u>Interim Stay Of Proceedings</u>.  The Parties agree to hold all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Settlement Hearing to be conducted by the Court.

27.  <u>Amendment Or Modification</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

28.  <u>Entire Agreement</u>.  This Agreement and any attached exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  State Farm shall not be required as part of the Settlement to modify or eliminate any of its personnel, compensation or payroll practices, or adopt any new personnel, compensation or payroll practices.

39

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

29.   <u>Authorization To Enter Into Settlement Agreement</u>.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.  The persons signing this Agreement on behalf of State Farm represent and warrant that they are authorized to sign this Agreement on behalf of State Farm.

30.   <u>Binding On Successors And Assigns</u>.  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

31.   <u>California Law Governs</u>.  All terms of this Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

32.   <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

33.   <u>This Settlement Is Fair, Adequate And Reasonable</u>.  The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Action and have arrived at this Settlement after extensive arms-length negotiations, taking into account all relevant factors, present and potential.

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

34.   <u>Jurisdiction Of The Court</u>.  The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

35.   <u>Cooperation And Drafting</u>.  Each of the Parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

36.   <u>Invalidity Of Any Provision</u>.  Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

37.   <u>Amendment Of Complaint</u>. As part of the Preliminary Approval Process, Named Plaintiffs shall amend the Complaints to add a cause of action for <u>LC</u> §203 penalties, <u>LC</u> §226, and <u>LC</u> §2699 claims, as well as unpaid wages under the Federal Labor Standards Act ("FLSA").

38.   Defendants will stipulate to leave to amend as set forth in this paragraph.  In the event that the Settlement does not become final for any reason, then any Order permitting the filing of the Amended Complaints shall be treated by the Parties as void *ab initio*.

39.   <u>Named Plaintiff's Waiver Of Right To Be Excluded And Object</u>.  The Named Plaintiff agrees to sign this Agreement and by signing this Agreement is bound by the terms herein stated and further agrees not to object to any of the terms of this Agreement.  Non-compliance by the Named Plaintiff with this paragraph shall be void and of no force or effect.  Any such objection shall therefore be void and of no force or effect.

41

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

**PLAINTIFF**

Dated: _5-25-13_     *Bryan Shiosaka*

BRYAN SHIOSAKA

Represented By:

**LAW OFFICE OF JOSEPH ANTONELLI**

Dated: _May 29, 2013_     By:_____

Joseph Antonelli, Esq.
Attorney for Plaintiff Bryan Shiosaka

**CONFORTI & CARRAS, APC**

Dated: _____     By:_____

Michael J. Carras.
Attorney for Plaintiff Bryan Shiosaka

**DEFENDANT**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Dated: _____

By:_____

Its: _____

Represented By:

**SIDLEY AUSTIN LLP**

Dated: _____     By:_____

Douglas R. Hart, Esq.
Sheryl Horwitz, Esq.
Attorneys for Defendant State Farm Mutual
Automobile Insurance Company

42

LA1 271 **STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

**PLAINTIFF**

Dated: _____        _____

BRYAN SHIOSAKA

   Represented By:

**LAW OFFICE OF JOSEPH ANTONELLI**

Dated: _____        By:_____

Joseph Antonelli, Esq.
Attorney for Plaintiff Bryan Shiosaka

**CONFORTI & CARRAS, APC**

Dated: 5/17/2013         By:_____

Michael J. Carras.
Attorney for Plaintiff Bryan Shiosaka

**DEFENDANT**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Dated: _____

   By:_____

    Its: _____

   Represented By:

**SIDLEY AUSTIN LLP**

Dated: _____        By:_____

   Douglas R. Hart, Esq.
   Sheryl Horwitz, Esq.
   Attorneys for Defendant State Farm Mutual
   Automobile Insurance Company

LA1 2715661v1 **STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

**PLAINTIFF**

Dated: _____

_____
BRYAN SHIOSAKA

Represented By:

**LAW OFFICE OF JOSEPH ANTONELLI**

Dated: _____

By: _____
Joseph Antonelli, Esq.
Attorney for Plaintiff Bryan Shiosaka

**CONFORTI & CARRAS, APC**

Dated: _____

By: _____
Michael J. Carras.
Attorney for Plaintiff Bryan Shiosaka

**DEFENDANT**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Dated: *June 3, 2013*

By: _____

Its: *VP Operations - HR*

Represented By:

**SIDLEY AUSTIN LLP**

Dated: *6/3/2013*

By: _____
Douglas R. Hart, Esq.
Sheryl Horwitz, Esq.
Attorneys for Defendant State Farm Mutual
Automobile Insurance Company

42

**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS**

**Exhibit 1**

*UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA*
*WESTERN DIVISION*

**_Bryan Shiosaka v. State Farm Mutual Automobile Insurance Company_**
**United States District Court – Central District of California**
**Case No.: CV 12 1268-CAS (CXx)**

# NOTICE OF CLASS ACTION SETTLEMENT

**Read this notice carefully. If you worked for State Farm Mutual Automobile Insurance Company as an Automotive Estimatics Inspector ("AEI") during the time period described below, your legal rights may be affected.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

**YOU ARE HEREBY NOTIFIED** that a proposed settlement ("Settlement") of the above-captioned class action pending in the United States District Court – Central District of California, which has been reached by the parties. On_____, the Settlement was granted preliminary approval by the Court supervising the case. You are receiving this notice because the records in the case indicate that you are a Class Member, as described above. The purpose of this Notice is to describe the litigation, to inform you of the Settlement, and to inform you of your rights and options in connection with the Settlement. If approved by the Court, the Settlement will resolve all claims in the above-captioned case. A hearing will be held on _____at __:__ a.m. in Courtroom 5 – 2nd Floor of the Central District Court of the United States, to determine whether the Court should order final approval of this Settlement. If you have any questions, you may contact Class Counsel (see paragraph (II)(6) below). **PLEASE DO NOT CONTACT THE COURT.**

## I. SUMMARY OF LITIGATION

1. On December 21, 2011, Bryan Shiosaka (Named Plaintiff), filed a class action lawsuit against State Farm Mutual Automobile Insurance Company ("State Farm") currently entitled _Bryan Shiosaka v. State Farm Mutual Automobile Insurance Company_, United States District Court Case No.: CV 12 1268-CAS (CXx).

2. Mr. Shiosaka alleges that State Farm failed to properly pay all wages, including overtime to Automotive Estimatics Inspector (AEI) non-exempt hourly employees; failure to promptly pay all wages due and owing at the time of an employee's termination or discharge; failure to issue proper pay stubs, and owes waiting time penalties to all terminated AEI employees, pursuant to the California Labor Code. The Named Plaintiff also alleges that State Farm failed to properly pay wages and overtime under the federal Fair Labor Standards Act. The Named Plaintiff alleges that the above violations constitute unfair business practices pursuant to Business & Professions Code § 17200 and that State Farm is liable for penalties pursuant to the Private Attorneys General Act of 2004.

3. State Farm strongly denies these allegations and contends that it fully complied with the law.

4. The Court has not decided that State Farm did anything wrong.  The parties have reached a settlement to avoid the costs of litigation.

5. On _____, through stipulation by the parties, the Court conditionally certified the case as a class action for settlement purposes.  This does not mean that the Class would have been successful had the case gone to trial.  The Court has made no such determination, and the Settlement is not to be construed as an expression of any opinion by the Court as to the merits of any of the claims asserted against Defendant.  The Settlement class consists of "all persons who are or were previously employed by State Farm in California as an AEI at any time between December 23, 2007 and May 31, 2013, and who do not opt-out of the class" (hereinafter referred to as "Settlement Class Members").

6. A Settlement has been entered into between the Named Plaintiff and State Farm, which will resolve all past and present claims against State Farm, as claimed in the current complaint, relating to unpaid wages, interest, and penalties by members of the Class between December 23, 2007 and May 31, 2013.  The Settlement has been given preliminary approval by the Court.  If you are part of the Settlement Class as defined above, you will have the opportunity to participate in the Settlement.

7. The Class Counsel has conducted a thorough investigation into the facts applicable to this lawsuit.  Class Counsel and the Class Representative believe that the Settlement is fair, reasonable and adequate.  Class Representative and Class Counsel have entered into the Settlement after weighing the substantial benefits against the probabilities of success or failure and the long delays that would be likely if the case proceeded to trial.  Class Representative and Class Counsel have concluded that settling with State Farm pursuant to the terms of the Settlement Agreement, a copy of which is on file with the Court, is in the best interest of the class.  Under the terms of the Settlement, State Farm denies that they are liable and deny that they engaged in any wrongdoing or unfair business practices with respect to the claims in the payment of wages and interest to hourly AEIs, who worked in the State of California for State Farm during the class period.  State Farm has entered into the settlement due to the cost of continuing the litigation, the long period of time that the suit would continue before resolution and the inherent uncertainties of success or failure in litigation.

**YOUR LEGAL RIGHTS AND OPTIONS:**

| | |
|---|---|
| **Return a Claim Form** | **You will receive settlement funds in exchange for giving up certain rights.** |
| | If you timely return the enclosed Claim Form and are eligible, you will receive a share of the settlement proceeds.  If the settlement is granted final approval by the Court, you will be bound by the settlement and you will have released the claims set forth in the release. |
| **Do nothing** | **You will not receive a portion of the settlement proceeds.  You will also give up certain rights.** |
| | If you do not return the Claim Form, you will not receive any settlement funds.  You will also have released all claims as set forth above. |
| **Object/Request** | You also have the right to object to, or request exclusion from, the |

**Exclusion**        settlement.

Your options are more fully explained in this Notice.  The deadline to submit a claim, an objection, or a request for exclusion is [45 days after mailing].

| | |
|---|---|
| **1.** | **Why did I receive this Notice?** |

You are a Class Member in the above-mentioned class action and are entitled to share in the settlement funds.  <u>You are not being sued</u>.  However, your rights may be affected by the legal proceedings in this action.  This Notice informs you of your right to share in the settlement and your ability to object to the settlement.

The Parties to the litigation signed a Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement") that fully sets forth the details of the settlement, and you may obtain a copy of the Agreement from either the Court or Class Counsel.  (Details concerning where to get additional information, including a copy of the Agreement, are provided at the end of this notice.)  The Agreement has been submitted to the Court, and has received preliminary approval.  You have received this Notice because records indicate that you are a Class Member in the Lawsuit.  The Court must approve the terms of the settlement described below as fair and reasonable to the class.  The settlement will affect all members of the class.  You will get money from the class action settlement, but only if you submit a valid and timely claim form as indicated below.

| | |
|---|---|
| **2.** | **What is the case about?** |

On December 23, 2011, Bryan Shiosaka (Named Plaintiff), filed a class action lawsuit against State Farm and is currently in United States District Court, entitled <u>State Farm Mutual Automobile Insurance Company, United States District Court Case No.: CV 12 1268-CAS (CXx)</u>.  The Named Plaintiff alleges that State Farm failed to properly pay wages, including overtime to its non-exempt AEI employees, failed to provide legally compliant paystubs, and owes waiting time penalties pursuant to the California Labor Code.  The Named Plaintiff also alleges that State Farm failed to properly pay wages and overtime under the federal Fair Labor Standards Act.  The Named Plaintiff alleges that the above violations constitute unfair business practices pursuant to <u>Business & Professions Code</u> § 17200 and that State Farm is liable for penalties pursuant to the Private Attorneys General Act of 2004.  State Farm strongly denies these allegations and contends that it fully complied with the law.

The Lawsuit consists of the following class:

All current and former Automotive Estimatics Inspector ("AEI") from December 23, 2007 to May 31, 2013 who submit a valid and timely claim form.

You have received this Notice because records indicate that you are a member of the class ("Class Member").

| 3. | **What Are My Options?** |
|---|---|

You may submit a claim form or do nothing.  You also have a right to object to the settlement or request to be excluded from the settlement if you submit a timely objection and/or request.  The option you choose affects whether you receive settlement monies and whether you give up certain rights.

### a.   How do I submit a claim?

If you timely submit a completed Claim Form, you will receive a settlement payment and you will release all claims that are released pursuant to the terms of the Settlement Agreement.

In order to receive settlement monies, you must return the enclosed claim form.  The Claim Form must be postmarked by [45 days after mailing].

**NOTE:   YOU WILL ONLY GET MONEY FROM THE SETTLEMENT IF YOU SUBMIT A VALID CLAIM FORM.   It is your responsibility to ensure the Claims Administrator has timely received your Claim Form.  You may contact that the Claims Administrator at the toll free number of _____ to ensure it has been received.  It is also your responsibility to keep a current address on file with the Claims Administrator to ensure receipt of your settlement award.  If you fail to keep your address current, you may not receive a settlement award.**

### b.   What happens if I do nothing?

If you do nothing (meaning you do not timely submit a completed claim form) you will <u>not</u> receive a settlement payment.  However, your rights will still be governed by the terms of the Settlement Agreement, and you <u>will waive and release your right to bring claims pursuant to the waiver and release of claims provisions of the Settlement Agreement.</u>

### c.   How do I object to the settlement?

If you are satisfied with the proposed settlement, you do not need to appear at the hearing at which the Court will consider final approval of the settlement.  If you object to the proposed settlement you must take the following steps:

(1)     You must mail a written statement of the objection stating the basis for the objection no later than **[45 days after mailing]** to all of the following:  (i) the _____ Claims Administrator c/o Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 54402-2469; (ii) Class Counsel, a.) Joseph Antonelli, Esq., Janelle Carney, Esq., LAW OFFICE OF JOSEPH ANTONELLI, 14758 Pipeline Avenue, Suite E, Second Floor, Chino Hills, CA 91709, Phone No.:  (909) 393-0223, Fax No.: (909) 393-0471; b.)  ; (ii) Counsel for State Farm, Douglas R. Hart, Esq., Sheryl K. Horwitz, Esq., and Geoffrey DeBoskey, SIDLEY AUSTIN LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013, Phone No.: (213) 896-6000, Fax No.: (213) 896-6600 (State Farm's Counsel).

(2)     The written statement MUST include:  (i) a statement advising if you plan to address the Court at the hearing; (ii) a statement of your objections; and (iii) any other papers

which you propose to submit to the Court, including any legal briefs or memoranda. You may appear personally, or through your own counsel, paid for at your expense.

The written request must be postmarked by [45 days after mailing], 2013. If you have satisfied the requirements set forth above, you have the right to address the Court at the Final Approval Hearing scheduled for _____, 2013 before the Honorable Christina A. Snyder in Courtroom 5, 2nd Floor of the United States District Court – Central District of California, Western Division, located at 312 N. Spring Street, Los Angeles, CA 90012.

Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections to the Settlement Agreement, or any aspect of the proposed settlement, including, without limitation, the fairness, reasonableness or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses.

### d.  How do I request to be excluded from the settlement?

If you wish to be excluded from the proposed settlement you must mail a written request for exclusion no later than **[45 days after mailing]** to the Claims Administrator c/o Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 54402-2469. The request MUST include a statement that you wish to be excluded from the settlement, your name, your address, your telephone number, and the last four digits of your Social Security number. The written request must be postmarked by [45 days after mailing], 2013.

If you request to be excluded from the settlement, you will not be entitled to any recovery under the settlement and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.

| 4.   How much can I expect to receive if I submit a claim? |
|---|

### a.  Summary of settlement

The maximum sum that State Farm will pay in connection with the settlement is Five Million Dollars ($5,000,000.00) ("Total Maximum Settlement Fund"). If you are a State Farm AEI Non-Exempt Employee, your individual settlement award will be based on your earnings during the Class Period.

Forty Percent (40%) of your individual settlement shall be considered wages, and the remaining Sixty Percent (60%) shall be considered interest and penalties for purposes of taxation. State Farm will make all lawful payroll deductions from any payments paid to you as set forth in the Agreement.

Only those Class Members who submit a valid Claim Form will participate in the settlement ("Participating Settlement Class Member").

### b.  Individual Settlement Payments

**1.    To determine the Gross and Net Individual Settlement Payments, the Claims Administrator will:**

Determine from the NSF, the following allocation:  Settlement Class members employed from December 23, 2007 June 13, 2007 to through December 24, 2011 shall be allocated 98% of the NSF based on the formula set forth below.  Those employed from December 25, 2011 to May 31, 2013 shall be allocated 2% of the NSF based on the formula below.

a.      Determine the Total Gross Wages, as defined by pertinent pay codes as agreed upon by the Parties, paid to AEI Employees during the Class Period ("Total Gross Wages") as provided in the Class List and Data Report.

b.      Determine the portion of the Total Gross Wages paid to each AEI Employee during the Class Period ("Individual Gross Wages") as provided in the Class List and Data Report.

c.      Use each AEI Employee's Individual Gross Wages to determine what percent of the Total Gross Wages was earned by each AEI Employee during the applicable Class Period ("Gross Wages Percentage Value").

d.      Each AEI Employee will be entitled to a percentage of the Net Settlement Amount that is equivalent to his/her Gross Wages Percentage Value ("Gross Individual Settlement Payment"), as described herein and weighted depending on when in the class the employee worked.

**2.      Disputing the earnings.**

Your settlement share is based on your earnings and the formula described above during the class period.  If you dispute the earnings figure that is based on defendant's records, you must mail in your dispute and supporting documentation to the claims administrator by _____, 2012.  Failure to submit supporting documentation will result in your settlement share being based on defendant's records.

| **5.      How much will the Named Plaintiff and Class Counsel Receive?** |
| --- |

        **a.      <u>Will the Named Plaintiffs receive any additional payment?</u>**

Yes.  The Court will also be asked to award a service payment (also called an enhancement) to the Named Plaintiff of Twenty Thousand Dollars ($20,000.00).  The service payment will be paid from the Total Maximum Settlement Fund, which will reduce any payment made to you as a Participating Settlement Class Member.  This service payment is sought to compensate the Named Plaintiff for his efforts in assisting with the prosecution of the Action on behalf of the Class Members and in return for executing a General Release of all Claims against Released Parties.  State Farm agrees that the service award to Named Plaintiff is reasonable.  The actual amount awarded will be determined by the Court to ensure that the service payment amount is reasonable.

        **b.      <u>How will the attorneys for the class be paid?</u>**

You do not need to pay any portion of either Class Counsel or State Farm's attorneys' fees and costs.  All payments to Class Counsel for attorneys' fees and costs will be deducted from the Total Maximum Settlement Fund, which will reduce any payment made to you as a Participating

Settlement Class Member. Class Counsel will apply to the court for approval of their attorneys' fees and costs at the hearing scheduled for _____, 2013. Class Counsel will ask for attorneys' fees not in excess of One Million Five Hundred Thousand Dollars ($1,500,000.00), or Thirty Percent (30%) of the Settlement Fund, and will ask for the reimbursement of costs associated with their prosecution of this matter not in excess of Forty Thousand Dollars ($40,000.00). This sum includes approximately $25,000 to the claims administrator, Rust Consulting, Inc. The actual amount awarded will be determined by the Court to ensure that the amount of attorneys' fees and costs is reasonable.

| 6. | What are the rights at issue in this lawsuit? |
|----|-----------------------------------------------|

The settlement relates to the time that you worked at State Farm as a non-exempt hourly AEI employee. If the Settlement Agreement is approved, all Class Members will have released the "Released Parties" from the "Released Claims" as defined below and will be permanently barred from suing or otherwise making a claim against any of the Released Parties that is in any way related to the Released Claims. This is more completely set forth as follows:

The Class Members shall fully and finally release and discharge the Defendant of all applicable California wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from or related to the claims litigated in the Action, and arising prior to May 31, 2013, including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or other relief under California Business & Professions Code § 17200, et seq., based on the following categories of allegations: (a) all claims for unpaid overtime, regular, and minimum wages (including any and all claims for alleged failure to pay overtime, compensate Class Members for all hours worked, or properly calculate the regular rate); (b) all claims for the failure to promptly pay all wages due and owing at the time of an employee's termination or discharge; (c) all claims for the failure to issue properly itemized wage statements; (d) all related claims for Unfair Competition or Business Practices under California's Business and Professions Code or similar laws; (e) all claims for violations of Labor Code section 224; (f) all claims for any and all penalties pursuant to the Private Attorneys General Act of 2004 arising out of the aforementioned claims; and (g) all other claims that were or could have been asserted based on the facts alleged in the Action. Additionally, any Class Member who submits a Claim Form (and, in so doing, becomes a Participating Settlement Class Member) will be deemed to have opted into the action for purposes of the Fair Labor Standards Act and, as to those Participating Settlement Class Members, the Released Claims include any claims such Participating Settlement Class Members may have under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Only those Settlement Class Members who submit valid claim forms will be deemed to have opted into the action for purposes of the Fair Labor Standards Act and thereby released and waived any of their claims under the Fair Labor Standards Act.

The Released Claims include any claims as discussed herein that the Class Members do not know or suspect to exist in their favor at the time of the release that do arise, or could have arisen, out of the claims alleged in the Action, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement. With respect to the Released Claims, Class Members expressly waive all rights under Section 1542 of the California Civil Code. Said Section reads as follows:

**Section 1542. [General Release – Claims Extinguished.] A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

| 7. | Will I be subject to discipline based on whether I submit a claim? |
|---|---|

No.  Your decision as to whether or not to submit a Claim Form will in no way affect your employment with State Farm.  State Farm is prohibited from retaliating in any way based on your decision whether or not to participate in the settlement.

| 8. | Where can I get additional information? |
|---|---|

This Notice only summarizes this lawsuit, the Settlement Agreement, and related matters.  For more information, you may inspect the Court files at the Clerk of the Court for the United States District Court – Central District of California, Western Division, located at 312 N. Spring Street, Los Angeles, CA 90012, from 9:30 a.m. to 4:30 p.m., Monday through Friday.  If you have questions about the settlement, you may also contact Class Counsel as follows:

**Joseph Antonelli, Esq. and Janelle Carney, Esq.**
**LAW OFFICE OF JOSEPH ANTONELLI**
14758 Pipeline Avenue, Suite E, Second Floor,
Chino Hills, CA 91909
Tel: (909) 393-0223 and Fax: (909) 393-0471

Michael J. Carras, Esq.
**CONFORTI & CARRAS, APC**
151 N. Kraemer Blvd Ste. 204
Placentia, CA 92870
Telephone: (714) 577-1071

You may also contact the claims administrator as follows:

**[insert contact information]**

DO **NOT** TELEPHONE OR CONTACT THE COURT FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

**Exhibit 2**

*UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA*
*WESTERN DIVISION*

**_Bryan Shiosaka v. State Farm Mutual Automobile Insurance Company_**
**United States District Court – Central District of California**
**Case No.: CV 12 1268-CAS (CXx)**

# CLAIM FORM

**TO RECEIVE MONEY AS PART OF THIS SETTLEMENT,**
**YOU MUST COMPLETE AND SIGN THIS CLAIM FORM**

**YOU MUST MAIL THE COMPLETED AND SIGNED CLAIM FORM BY U.S. MAIL**
**POSTMARKED ON OR BEFORE [45 DAYS AFTER MAILING], 2013, IN THE**
**ENCLOSED SELF-ADDRESSED STAMPED ENVELOPE TO:**

**<<ADDRESS INSERT>>**
**<<                    >>**
**<<                    >>**
**<<                    >>**

**Must be Postmarked No Later Than: [45 days after mailing], 2013**

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM**
**TO CONSENT TO JOIN THE FAIR LABOR STANDARDS ACT PORTION OF THE**
**ACTION AND TO SHARE IN THE MONETARY RECOVERY**

Based on the information provided by State Farm Mutual Automobile Insurance Company  (State Farm), the approximate amount of your Individual Settlement Payment (not including any deductions for taxes) in connection with lawsuit entitled *Bryan Shiosaka v. State Farm Mutual Automobile Insurance Company,* in the United States District Court – Central District of California, Case No.: CV 12 1268-CAS (CXx) (the "Action") is $ _____. This amount may increase or decrease depending on the Court's Orders and the number of Participating Settlement Class Members.

**INSTRUCTIONS:**

Complete, sign and mail this form to share in the recovery and consent to join the FLSA portion of this action.

If you move, send us your new address.

Do not send any supporting documentation **unless** you dispute the information set forth below. If found eligible, you should not expect to receive any payment until approximately _____.

**SECTION 1**   This is the information that we have for you:  PRE-PRINTED INFO

        << INSERT FIRST NAME>>  <<INSERT LAST NAME>>

        << INSERT ADDRESS, CITY, STATE, ZIP>>

If any of this information is inaccurate, please provide the correct information below:

Name:

_____

Former Names (if any):

_____

Address:

_____

City, State, Zip:

_____

You were employed as an hourly non-exempt Automotive Estimatics Inspector (AEI) employee at State Farm during the Class Period (*i.e.*, December 23, 2007 to May 31, 2013). During that time the Gross Wages paid to you total $_____. If any of this information is inaccurate, please provide documentation and a written explanation indicating the correct amount of Gross Wages.

**SECTION 2**   This information is required to verify your identity and administer your settlement award:

> Please provide the last four digits of your Social Security Number: ____.

I understand that, by signing below, I hereby acknowledge and agree that State Farm will, and authorize State Farm to, disclose my full Social Security Number to the Claims Administrator to be used solely for the purpose of administrating my settlement award.

If you agree with the information stated in Sections 1 and 2 above, please sign and return this Claim Form.  You have no obligation to provide additional documentation if you agree with the information stated above and have provided us with the last four digits of your Social Security Number.I further understand that, by signing below, I understand that I am releasing the "Released Parties" from the "Released Claims" as defined below and will be permanently barred from suing or otherwise making a claim against any of the Released Parties that is in any way related to the Released Claims.  This is more completely set forth as follows:

> I fully and finally release and discharge fully and finally release and discharge the Defendant of all applicable California wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from or related to the claims litigated in the Action, and arising prior to May 31, 2013, including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or other relief under <u>California Business & Professions Code</u> § 17200, et seq., based on the following categories of allegations:  (a) all claims for unpaid overtime, regular, and minimum wages

(including any and all claims for alleged failure to pay overtime, compensate Class Members for all hours worked, or properly calculate the regular rate); (b) all claims for the failure to promptly pay all wages due and owing at the time of an employee's termination or discharge; (c) all claims for the failure to issue properly itemized wage statements; (d) all related claims for Unfair Competition or Business Practices under California's Business and Professions Code or similar laws; (e) all claims for violations of Labor Code section 224; (f) all claims for any and all penalties pursuant to the Private Attorneys General Act of 2004 arising out of the aforementioned claims; and (g) all other claims that were or could have been asserted based on the facts alleged in the Action. Additionally, any Class Member who submits a Claim Form (and, in so doing, becomes a Participating Settlement Class Member) will be deemed to have opted into the action for purposes of the Fair Labor Standards Act and, as to those Participating Settlement Class Members, the Released Claims include any claims such Participating Settlement Class Members may have under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.  Only those Settlement Class Members who submit valid claim forms will be deemed to have opted into the action for purposes of the Fair Labor Standards Act and thereby released and waived any of their claims under the Fair Labor Standards Act.

I further understand that by signing below, I have opted-in to the Lawsuit for purposes of the Fair Labor Standards Act (FLSA) and that I am releasing and waiving any FLSA claims whether known or unknown, arising during the Class Period based on the claims related to the facts and claims asserted in the Lawsuit.

I further understand that the Released Claims include any claims as discussed in the above paragraphs that I do not know or suspect to exist in my favor at the time of the release that do arise, or could have arisen, out of the claims alleged in the Action, which, if known by me, might have affected my settlement with, and release of, the Released Parties or might have affected my decision not to object to this Settlement.  With respect to the Released Claims, I expressly waive all rights under Section 1542 of the California Civil Code.  Said Section reads as follows:

> **Section 1542.  [General Release – Claims Extinguished.]  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.**

I declare under penalty of perjury that the foregoing is true and correct and that I was employed at State Farm as a non-exempt hourly AEI employee during the period of December 23, 2007 through May 31, 2013.  I have reviewed the Class Notice and this form and consent to join the FLSA portion of this action and have the Named Plaintiff and Class Counsel represent me in this action pursuant to 29 U.S.C. § 216(b).

X _____          _____
*(Sign your name here)*                                                        Date