1  Joseph Antonelli, Esq. (SBN 137039)
   JAntonelli@antonellilaw.com
2  Janelle Carney, Esq. (SBN 201570)
   JCarney@antonellilaw.com
3  **LAW OFFICE OF JOSEPH ANTONELLI**
4  14758 Pipeline Ave, Suite E, 2nd Floor
   Chino Hills, CA 91709
5  Tel.: (909) 393-0223 / Fax: (909) 393-0471

6  Daniel A. Conforti, Esq. (SBN 180080)
   Dan@cocalaw.com
7  Michael J. Carras, Esq. (SBN 244331)
   Mike@cocalaw.com
8  **CONFORTI & CARRAS, APC**
   151 N. Kraemer Blvd., Suite 204
9  Placentia, CA 92870
   Tel:  (714) 577-1071/ Fax: (714) 577-0711

10 Attorneys for Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| BRYAN SHIOSAKA, an individual, and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, and DOES 1 through 50<br><br>　　　　　　　Defendants | **Case No.: CV 12 1268-CAS (CWx)**<br><br>Honorable Christina A. Snyder<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FOR SERVICE AWARD TO NAMED PLAINTIFF BRYAN SHIOSAKA, AND FOR ATTORNEYS' FEES, AND COSTS AND JUDGMENT**<br><br>Date:　　November 4, 2013<br>Time:　　10:00 a.m.<br>Dept.:　　5<br><br>Action Filed:  December 23, 2011 |

This matter came on for hearing on November 4, 2013 at 10:00 a.m., in Courtroom 5 of the above-captioned Court on Plaintiffs Motion for Final Approval of Class Action Settlement, the Joint Stipulation of Settlement and Release ("Settlement Agreement") and this Court's Order Granting Preliminary Approval of Class Action Settlement filed August 11, 2011.

In accordance with the Preliminary Approval Order, Class Members were given notice of the terms of the Settlement and particularly of the fact that each Class Member could claim their proportionate share of the settlement proceeds, by submitting a valid and timely claim form. Class Members were given the opportunity to submit a claim form, request exclusion, comment upon or object to the settlement or any of its terms. Having received and considered the proposed Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement heard on July 1, 2013, the Court grants final approval of the Settlement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1.  Pursuant to the Revised Order Granting Plaintiff's Motion for Conditional Certification and Preliminary Approval of Class Action Settlement filed July 1, 2013, a Notice describing the settlement was mailed to each of the 274 class members via first-class U.S. Mail. The class member list was expanded by

1

[Proposed] Order Granting Plaintiff's Motions for Final Approval of Class Action Settlement, for Service Award to Named Plaintiff, Bryan Shiosaka, and for Attorneys' Fees, and Costs and Judgment

one (1) person after the original mailing. The Notice informed the Class of the terms of the Settlement, their right to receive their proportional share of the Settlement by submitting a timely and valid claim form, of their right to request exclusion, of their right to comment upon or object to the Settlement, and of their right to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement. Adequate periods of time were provided for each of these procedures. As a part of this notice process, only two (2) Members requested exclusion and no objections or notices of intention to appear at the final approval hearing were filed and/or served on Counsel for the Parties.

    2.    The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the response of the Class. The Court finds and determines that the notice to the class as was provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

    3.    The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

[Proposed] Order Granting Plaintiff's Motions for Final Approval of Class Action Settlement, for Service Award to Named Plaintiff, Bryan Shiosaka, and for Attorneys' Fees, and Costs and Judgment

4.      The Court finds and determines that Settlement payments to be paid to all members of the Class who submitted a timely and valid claim form as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts to the participating Class Members in accordance with the terms of the Settlement Agreement.

5.      The Court finds and determines that the payment to be paid to the California Labor and Workforce Development Agency to satisfy alleged Labor Code violations pursuant to the California Labor Code's Private Attorneys General Act of 2004 ("PAGA") in the sum of $11,250.00 is fair and reasonable. The Court hereby gives final approval to and orders the payment to Labor and Workforce Development Agency in accordance with the terms of the Settlement Agreement.

6.      The Court determines that the service award payment to Plaintiff Bryan Shiosaka in the sum of $20,000 is fair and reasonable.  The Court hereby gives final approval to and orders payment of the service award be allocated as follows: (a) Ten Thousand Dollars ($10,000) as consideration in exchange for Mr. Shiosaka's  full release and waiver of all Civil Code § 1542 claims; and (b)  Ten Thousand Dollars ($10,000) as the enhancement portion.

7.      Plaintiff's Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses is hereby GRANTED. Plaintiff's efforts have resulted in the creation of a common fund in the amount of $5,000,000, and therefore awarding attorneys'

3

[Proposed] Order Granting Plaintiff's Motions for Final Approval of Class Action Settlement, for Service Award to Named Plaintiff, Bryan Shiosaka, and for Attorneys' Fees, and Costs and Judgment

fees on a percentage basis is appropriate. Plaintiff seeks 30% of the common fund, which is considered the benchmark in the Ninth Circuit. This case presents no special circumstances that would warrant a departure from the benchmark. Moreover, the result obtained by Plaintiff is favorable. The average settlement award prior to any increase as a result of the distribution of unclaimed settlement amounts is $13,061, and the highest payment is estimated at $18,795. In view of the monetary benefit conferred on the settlement class, the Court finds the requested fee of 30%, or $1,500,000, to be fair and reasonable.

The Court finds that Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure a benefit to the Class, is entitled to a fee and accordingly, the Court approves the application of Class Counsel for $1,500,000 for their attorneys' fees, and up to $15,000.00 for their litigation expenses.

8. Cross-checking the $1,500,000.00 amount against Class Counsel's lodestar confirms the reasonableness of the fee award. Class Counsel's collective lodestar is $577,244, at the time of filing the final approval papers. The hourly rates used to arrive at this figure are consistent with market rates and reasonable in light of the Class Counsel's skill, experience, and expertise. The Court is further satisfied that the number of hours expended on the litigation is reasonable. Dividing the requested fee by Class Counsel's current lodestar yields a 2.59

multiplier. Such a multiplier falls within the range of multipliers approved by courts within the Ninth Circuit.

9. Accordingly, Plaintiff shall recover, from the common fund established by the Stipulation and Settlement of Class Action Claims, $1,500,000 in and for attorneys' fees and up to $15,000 in costs and expenses. Those amounts shall be paid by the Claims Administrator to Class Counsel, divided as they shall direct.

10. The Court further approves payment of the fees and costs of the appointed claims administrator Rust Consulting, Inc., of $25,000 for services rendered and to be rendered in connection with the completion of its duties pursuant to the terms of the Settlement.

11. Defendant shall deliver the Maximum Settlement Amount of $5,000,000, within ten (10) business days of the Effective Date, as awarded by the Court (pursuant to the Settlement Agreement), for Individual Settlement Payments, the Class Representative service award, attorneys' fees and litigation costs, the claims administration costs, and the PAGA Payment to the Labor and Workforce Development Agency are due to be paid.

12. The Court further directs the Claims Administrator, to within fifteen (15) calendar days after Defendant delivers the $5,000,000, to disburse to those persons and entities referenced below, in the manner set forth, the following sums:

    a.    Individual Settlement Payment checks in accordance with the Settlement Agreement to those members of the Class who submitted a timely and valid claim form by U.S. First Class Mail, as calculated and approved by Rust Consulting, Inc.;

    b.    Class Representative Service Award to Plaintiff Bryan Shiosaka, $20,000.00 by check mailed to Class Counsel;

    c.    Attorneys' fees to Class Counsel, $1,500,000 by wire transfer, as directed by Class Counsel;

    d.    Litigation expenses to Class Counsel, up to $15,000.00 by wire transfer, as directed by Class Counsel;

    e.    PAGA Payment to the State of California Labor Workforce & Development Agency ("LWDA"), $11,250.00, by check to Counsel for Defendant for transmittal to the LWDA;

    f.    Claims Administration services to Rust Consulting, Inc., in the sum of $25,000.00 for services rendered in connection with its duties and responsibilities to process claims and to disburse payments, respond to continuing inquiries from the class and the Parties in order to conclude its duties and responsibilities pursuant to the settlement.

6

[Proposed] Order Granting Plaintiff's Motions for Final Approval of Class Action Settlement, for Service Award to Named Plaintiff, Bryan Shiosaka, and for Attorneys' Fees, and Costs and Judgment

13. The Court retains jurisdiction over the administration and effectuation of the Settlement including, but not limited to, the ultimate disbursal to the participating Class Members, payment of attorneys' fees and costs, the enhancement award to the Class Representative, and the claims administration expenses and other issues related to this Settlement.

14. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

15. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payments to participating Class Members in accordance with the Settlement.

16. Upon satisfaction of all payments and obligations under the Settlement Agreement and under this Order, all Class Members who did not opt out are permanently barred from prosecuting against Defendant State Farm Mutual Automobile Insurance Company and its past, present, or future parents, subsidiaries and affiliated corporations, and their past, present, or future officers, directors, employees, partners, members, shareholders and agents, staffing agencies, joint employers, and any other successors, assigns or legal

7

[Proposed] Order Granting Plaintiff's Motions for Final Approval of Class Action Settlement, for Service Award to Named Plaintiff, Bryan Shiosaka, and for Attorneys' Fees, and Costs and Judgment

representatives, any of the class claims released as set forth in the Settlement Agreement.

17. Upon satisfaction of all payments and obligations under the Settlement Agreement and under this Order, every person in the Settlement Class who did not opt out of the Settlement shall be bound by the Settlement and its Release, which, as defined in the Settlement Agreement, releases and discharges the Defendant from all applicable California wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from or related to the claims litigated in the Action, and arising prior to the date of Preliminary Approval, including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or other relief under California Business & Professions Code § 17200, et seq., based on the following categories of allegations:  (a) all claims for unpaid overtime, regular, and minimum wages (including any and all claims for alleged failure to pay overtime, compensate Class Members for all hours worked, or properly calculate the regular rate); (b) all claims for the failure to promptly pay all wages due and owing at the time of an employee's termination or discharge; (c) all claims for the failure to issue properly itemized wage statements; (d) all related claims for Unfair Competition or

8

[Proposed] Order Granting Plaintiff's Motions for Final Approval of Class Action Settlement, for Service Award to Named Plaintiff, Bryan Shiosaka, and for Attorneys' Fees, and Costs and Judgment

Business Practices under California's Business and Professions Code or similar laws; (e) all claims for violations of Labor Code section 224; (f) all claims for any and all penalties pursuant to the Private Attorneys General Act of 2004 arising out of the aforementioned claims; and (g) all other claims that were or could have been asserted based on the facts alleged in the Action. Additionally, the Released Claims include any claims such Participating Settlement Class Members may have under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. The Released Claims include any claims as discussed herein that the Class Members do not know or suspect to exist in their favor at the time of the release that do arise, or could have arisen, out of the claims alleged in the Action, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement.  With respect to the Released Claims, Class Members expressly waive all rights under Section 1542 of the California Civil Code.

18.    Excluded from the Settlement and its Releases are the two (2) persons who have submitted valid and timely Requests for Exclusion.  A true and correct copy of the list of persons who have submitted a timely Request for Exclusion is attached hereto as **Exhibit 1**.

9
[Proposed] Order Granting Plaintiff's Motions for Final Approval of Class Action Settlement, for Service Award to Named Plaintiff, Bryan Shiosaka, and for Attorneys' Fees, and Costs and Judgment

1  19. The Court hereby enters final judgment in this case accordance with the terms of the Settlement Agreement, Revised Order Granting Preliminary Approval of Class Action Settlement, and this Order Granting Final Approval of the class action Settlement.

20. The Parties are hereby ordered to comply with the terms of the Settlement.

Dated: November 4, 2013

*Christina A. Snyder*
UNITED STATES DISTRICT JUDGE

10

[Proposed] Order Granting Plaintiff's Motions for Final Approval of Class Action Settlement, for Service Award to Named Plaintiff, Bryan Shiosaka, and for Attorneys' Fees, and Costs and Judgment

LA1 2855853v.1